J. N. LAMA *et al.*, Respondents, v. THE DWELLING-HOUSE INSURANCE COMPANY OF BOSTON, MASS., Appellant.

Kansas City Court of Appeals, December 5, 1892.

1. **Insurance:** WARRANTIES. A policy of insurance made the representations of the application warranties. The representations as to the value of the house, and the land on which it was situated, and as to the incumbrance thereon were shown to be false. *Held*, no recovery could be had on the policy.

2. ———: STIPULATION AS TO AGENT'S AUTHORITY. A policy of insurance limited its agent's authority by therein and in the application stating that it would not be bound by any act or statement made by or to its agents, and not inserted in the contract, and, also, in plain type and words made the application of the assured his own statement. *Held*, where the assured signed the application in blank, and left it with the agent to fill out, that he made the agent to that extent his own agent, as the company can only be bound within the limits of the actual authority of its agent, as declared in the contract.

*Appeal from the Grundy Circuit Court.*—HON. G. D. BURGESS, Judge.

REVERSED.

*Joshua F. Hicklin* and *Ed. E. Yates*, for appellant.

(1) The application having been taken by an agent of limited authority, and the assured having agreed both in the application and the policy, that the "company should not be bound in any act or statement made to or by any agent, and not contained in the application," it was error to permit the plaintiffs to show that they signed the application in blank, and to hold that they were not bound by its terms. *Loehner v. Ins. Co.*, 17 Mo. 247; May on Insurance [3 Ed.] secs. 137, 137a; *Mensing v. Ins. Co.*, 36 Mo. App. 602; *Ins. Co. v. Fletcher*, 117 U. S. 529; *Draper v. Ins. Co.*, 2 Allen (Mass.) 569; *Chase v. Ins. Co.*, 20 N. Y. 52; *Shawmut v. Ins. Co.*, 9 Allen, 332; *Rohrback v. Ins. Co.*, 62 N. Y. 47; *Hill v. Assur. Corp.*, 12 N. Y. Sup. 86. (2) The matters stated in application having been made a "warranty" by assured, both by the terms of the application and the policy, all statements therein must be true, and it makes no difference as to the materiality or immateriality of the matter warranted. If the mortgage, therefore, was greater to any extent than warranted, the policy is void. *Glade v. Germania Co.*, 9 N. W. Rep. (Iowa) 320; *Jacobs v. Ins. Co.*, 7 Allen (Mass.)

132; *Crook v. Ins. Co.*, 38 Mo. App. 582; *Mers v. Franklin Co.*, 68 Mo. 131; *Loehner v. Ins. Co.*, 17 Mo. 247; *Brooks v. Ins. Co.*, 11 Mo. App. 349. (3) The act of agent Ormsby in inserting the answers in the application after the same had been signed in blank by Lama and Heriford was the act of Lama and Heriford. They requested Ormsby to fill out the application because they "were in a hurry and did not have time to write." Wood on Insurance [2 Ed.] sec. 412.

*H. J. Alley, Hyde & Orton* and *Harber & Knight*, for respondents.

The insurance company could not make its agent Ormsby agent of the assured, and the defendant is estopped by his acts. *Thomas v. Ins. Co.*, 20 Mo. App. 150; *Breckenridge v. Ins. Co.*, 87 Mo. 62; *Barnard v. Ins. Co.*, 38 Mo. App. 106; 2 Wood on Fire Insurance [2 Ed.] sec. 409, p. 833, and authorities cited.

GILL, J.—Plaintiff recovered a judgment below on a policy of insurance for $500, issued to him by defendant, and the case was appealed. A policy with the same conditions and stipulations appears in this case as in Shoup *v.* this same defendant—decided at this term. Here, as there, the policy stipulated that the entire policy should be void if the insured had, in writing or otherwise, misrepresented any fact or circumstance concerning the insurance or the subject thereof. Also: "By the acceptance of this policy the insured covenants that the application herefor shall be and form a part hereof, and a warranty by the insured, and the company shall not be bound by any act or statement made to or by any agent, unless inserted in this contract."

The application for the insurance (which by the agreement is taken to be a part of the contract) was in evidence; and by it plaintiff, over his own signature, states among other things that the house insured had then a present cash value of $700; that it was situated on sixty acres of land owned by the applicant, worth $30 per acre; that there was a mortgage of $600 thereon due in three years; that the house was a frame in good repair and built in the year 1884, and painted outside in the year 1889, etc.

The evidence unquestionably shows that many, if not all, these statements concerning the subject of insurance were false. The house insured was clearly an old inferior structure, worth, according to the testimony of many witnesses, not exceeding $150 to $200, and even on the evidence of the plaintiff, worth not to exceed $500. It was an old log house, erected at least twenty-four years prior to the application for this policy, and not a frame dwelling built in 1884, as represented. It was too situated on land incumbered by a mortgage of about $750 instead of $600, as stated in the application. In these and some other particulars, the dwelling insured fell far short of what plaintiff had represented in his application.

Manifestly now if the courts are to give effect to the contract between these parties, as it is written, then the policy had become void, and plaintiff ought not to recover.

Plaintiff seeks to avoid the consequences thus following the substantial mis-statements contained in the application, by showing that the company's agent filled in the answers to questions contained in the application, and that, therefore, these are statements by the insurance company, and not his. The testimony shows that, when the insurance was applied for, plaintiff went to the office of Ormsby, the agent at Princeton, Missouri;

that in a general way he told the agent as to the nature and condition of the house on which he desired a policy, but plaintiff testified that, "as I was in a hurry that day, I just signed the application in blank and told him to fill it out afterwards."

"*Q.* Did Ormsby ask you these questions on the application? *A.* I don't know; he asked me something about it.

"*Q.* You did tell him that you were in a hurry, and proposed to sign the application in blank, and authorized him to fill out the same for you? *A.* Yes, that's the way of it."

As said in the *Shoup case,* the courts generally, and particularly in this state, have regarded the agent appointed by the company to solicit insurance as having authority to fill out the blanks for and in behalf of the company, and if the agent shall be informed of the facts, but mis-state them in the application, then such mis-statements will be that of the company, and it will be estopped to set up the falsity thereof. If, however, the agent's powers shall be limited in that regard, and such restrictions as to his authority be brought to the knowledge of the insured at the time, then the company will only be bound within the limits of the actual authority of its agent. Now, in addition to the stipulations of the policy, to-wit: That "the the company shall not be bound by any act, or statement made to or by any agent unless inserted in this contract," the paper signed by plaintiff when the insurance was applied for contained these clauses printed in plain type just over plaintiff's signature, to-wit:

"The foregoing is my own statement, and is a correct description of the property to be insured, on which insurance will be based. The company shall not be bound by any act done or statement made by or to

any agent, or other person, which is not contained in this, my application.''

''Before signing, the applicant should carefully examine the foregoing questions, answers, statements and warranties, as this application will be relied upon by the company in accepting or rejecting the risk.

''J. N. LAMA,

''Applicant.''

The last clause was inserted in bold, black, capital letters, so as not to escape the notice of the applicant if in the exercise of the least care.   Besides this there appeared at the head of the paper, just preceding the questions to be asked regarding the condition and situation of the property, these words of warning:   ''Questions to be answered by applicant only,'' in large capital letters. From this then it clearly appears that, in the very inception of the contracting for this insurance, the plaintiff had full knowledge of the agent's limited authority. He agreed that ''the foregoing was *my own* statement, and is correct,'' etc., and that the company should not be bound by any outside statement to or by the agent. He understood, too, that the insurance company would rely on these statements of his in accepting or rejecting the risk.

So then it must follow, that when the plaintiff signed this application in blank, and left it with the agent to fill up, said Ormsby became the agent for the applicant, and was not in that regard the agent for the company.   See authorities cited in the *Shoup case*. On the undisputed facts then the plaintiff ought not to recover, and the judgment rendered below in his favor is hereby reversed.   All concur.