J. C. BUSHONG, Appellant, v. SECURITY INSURANCE COMPANY OF NEW HAVEN, CONN., Respondent.

In the Kansas City Court of Appeals, June 18, 1923.

1. **INSURANCE:** Warranty: Representations: Where Automobile Destroyed by Fire was Represented to be a 1918 Model, When in Fact it was a 1916 Model, no Recovery Could be Had under Policy

Bushong v. Security Ins. Co.

Covering the Same. In a suit to recover upon a fire insurance policy covering an automobile represented as being a 1918 model when in fact it was a 1916 model, *held* no recovery could be had under the policy as there. was no insurance upon the 1916 model car which was the one destroyed, notwithstanding good faith of insured in making representations as to the model, he having signed a warranty that the automobile was a 1918 model which carried a different rate of insurance than the 1916 model.

2. TENDER: Where Insurer Tendered Amount of Insurance Premium in its Answer and Deposited the Same in Court During Trial, the Tender was Good. Where insurer in its answer made tender of premium paid under fire policy and deposited the same with the clerk in open court during the course of the trial, *held* the tender was good.

3. INSURANCE: Warranty: Insurer in Covering Automobile Held not Required to Ascertain True Model Thereof but May Rely upon the Warranties in the Policy. In a suit upon a fire policy covering an automobile, the model of which had been misrepresented, the contention of insured that it was the duty of the insurer to ascertain the true model thereof through the medium of a book usually kept by insurance agents for that purpose, in view of the warranties in the policy, *held* to be without merit.

Appeal from the Circuit Court of Jackson County.—*Hon. Willard P. Hall,* Judge.

AFFIRMED.

*Ed. E. Aleshire* and *S. F. Handy* for appellant.

*Crow & Newman* for respondent.

.ARNOLD, J.—This is a suit to recover upon an insurance policy issued by defendant to plaintiff upon a Haynes automobile, covering fire and theft in the sum of $1500. The policy was issued December 27, 1920, for a period of one year from date, at a fixed premium of forty-eight dollars, which plaintiff paid.

On or about April 25, 1921, the car was destroyed by fire and in due time plaintiff filed proof of loss as required by the contract. A short time after proof of

loss was filed, defendant refused to pay the claim on the grounds that the car was a 1916 model, instead of a 1918 model, as represented in the application for the insurance. This suit followed in due course and was tried in the Independence Division of the Circuit Court of Jackson County. Trial was to a jury and at the close of all the evidence, defendant asked, and the court signified its intention to give, an instruction in the nature of a demurrer, but before such instruction was read to the jury, plaintiff took an involuntary nonsuit, with leave to move to set the same aside. In due time plaintiff moved to set aside the nonsuit and asked for a new trial, which motion was overruled. From this ruling, plaintiff appeals, and this action of the trial court is the only question before us on this appeal.

Plaintiff, as a part of his case, offered in evidence the policy sued on. Said policy shows that the original premium for the fire risk was $25.50 and for theft $22.50, making a total of $48. The following appears in the policy:

"Warranties: The following statements of fact known to and warranted by the assured to be true, and this policy is issued by the company relying upon the truth thereof. Assured's occupation or business is real estate. The following is the description of the automobile: Model year: 1918. Trade name: Haynes. Type of body: Touring. Factory: 15433. List price $2150. Advertised horse power: 55. Number of cylinders: 6."

The facts with respect to the purchase of the automobile described were given as follows:

"Purchased by the assured December, 1920 (second hand.) Actual cost to assured including equipment: $1,750. The automobile described is fully paid for by the assured and is. not mortgaged or otherwise encumbered, except as follows:. No exceptions.

"The uses to which the automobile described is and will be put, are: Pleasure and business calls. The automobile described is usually kept in a public garage,

located at 3233 Troost avenue, Kansas City, Missouri.''

The number of the policy is given as 19186, issued at Kansas City, by F. A. Dickson, Insurance Agency. The policy was received and retained by the insured and was attached to the petition herein as an exhibit. The petition charges the material facts as stated above, including an allegation of total loss of the car by fire, and prays a judgment against defendant in the sum of $1500.

The answer is a general denial, and as special answer denies ownership of the car in plaintiff, and charges that at the time the policy was issued, plaintiff falsely represented to defendant that the car was a 1918 model, when in truth and in fact it was a 1916 model; that said false representation was material to the risk in this, that had defendant known that the automobile described in plaintiff's petition was a 1916 model, no policy would have been issued thereon, and that if a policy had been issued on said 1916 model, the premium charge would have been greatly in excess of the amount paid; that by reason of said misrepresentations, the policy so issued was void and is of no effect; that defendant tenders into court the sum of $25.50, the amount received by defendant as premium on said policy.

The reply was a general denial. The record discloses that preliminary to the issuance of the policy included in this suit, plaintiff called the office of the issuing agency by telephone and talked to a Miss Pierson who was in charge. The testimony of the parties is conflicting as to just what that conversation was. Plaintiff testified: "I told her I would like to get some insurance on a Haynes car I had recently purchased. I told her how much I wanted and she asked for the engine number, and I got the bill of sale and gave it to her. She asked me what model it was and I said I don't know, it was traded to me for a nineteen hundred eighteen. I told her the car was at the Linwood Garage at 3233 Troost." Further plaintiff testified:

"Q. How did you come to say that you bought this car as a 1918 car? A. Because it was traded to

me that way.   Q.   How did they trade it to you?   A. They said it was a 1918 model.   Q.   And that is all you knew about it?   A.   That is all I knew about it.   Q. And that is the reason you say you bought it as a 1918 car?   A.   Yes, sir.   Q.   And the only reason?   A.   Yes, sir.

By the Court:  "Who told you it was a 1918 car?   A. Mr. Earhart.

By the Court:  "Is he the man who made the bill of sale to you?   A.   Yes, sir."

The bill of sale executed by Harry S. Earhart, the seller of the car to plaintiff, was introduced in evidence and makes no mention of the year in which the car was built, but does classify it as a "Model T," but gives no explanation as to what "Model T" means.

In conflict with the evidence of plaintiff as to the conversation above mentioned, Miss Pierson testified: "Mr. Bushong called me up over the telephone December 27, 1920, and asked if we could write an insurance on a Haynes touring which he had recently purchased: He said it was a second-hand car, and I said 'What year?' and he said, '1918.' "   . . .   "Q.   Why did you inquire about the year, the model, what was the reason for that?   A.   Because I have to know in order to figure the rate and the premium."

Further the witness testified that the rate on a 1918. model was $1.45 per hundred on fire, while on a 1916 model, the fire rate was $2.70 per hundred.

It is thus seen there is a material conflict as to what was said in the above conversation, but as it occurred before the issuance of the policy, or contract of insurance, we must apply the well-established rule of law that the written contract embodied all the material facts discussed in the preliminary talk and that the entire agreement is expressed therein.

A reference to the warranty above quoted shows the car was insured as a 1918 model, and it is conceded that it was, in fact, a 1916 model.   The premium charged

was upon a 1918 model and the rate was fixed accordingly. The conclusion therefore is inevitable that no insurance was issued on a 1916 model car which was the one destroyed. In Smith v. Insurance Co., 188 Mo. App. 297, 304, this court said:

"The representations of the applicant become the basis of insurance, and if they be false, touching matters material to the risk, the contract obtained through their influence can not be enforced; and it is, in such case, quite immaterial whether the misstatement resulted from bad faith or from accident or ignorance." (Citing authorities.)

The question is fully discussed in case No. 14549, Kenney v. Insurance Company, decided by this court at this term and not yet published, and the same conclusion reached as in the Smith case, supra, and we find the deductions in the Smith case amply support defendant's theory herein.

It is insisted defendant should have returned the premium herein. The answer of defendant makes tender of the premium paid for loss by fire, and the record shows that the balance of the $48 was deposited with the clerk in open court, during the course of the trial. The rule is that this was a good tender. Citations in support of this rule are unnecessary.

It is admitted that an offer of compromise for $750 was made by defendant, but refused. There is some dispute as to whether this offer was made before the suit was filed, or thereafter, before answer, but in either case it is true that plaintiff had an opportunity to settle the claim for $750 cash, and as testimony on this point was not introduced, it is not in the record and therefore can have no bearing on this appeal.

It is further urged in support of this appeal that it was defendant's duty to ascertain the true model of the car through the medium of a book usually kept by insurance agents for that purpose. But in the face of the warranties in the policy, above quoted, we hold this

contention to be without merit and it may be dismissed without further comment.

Under the facts disclosed by the record, we hold there was no error in the order of the trial court overruling plaintiff's motion to set aside the nonsuit.

The judgment is affirmed.   All concur.