H. A. COHEN, RESPONDENT, v. FORT DEARBORN CASUALTY UNDERWRITERS, APPELLANT.*

Kansas City Court of Appeals. July 6, 1926.

*Corpus Juris-Cyc References: Fire Insurance, 26CJ, p. 156, n. 83; p. 167, n. 38; p. 309, n. 43; p. 431, n. 31; p. 450, n. 81; p. 451, n. 13; p. 556, n. 16.

*A. L. Shortridge* for respondent.

*Wade H. Evans* and *Milton J. Oldham* for appellant.

ARNOLD, J.—This is an action to recover upon a policy of automobile fire insurance. Defendant is a corporation duly organized and existing under the law with its principal office at Chicago, Ill., and authorized to do business in Missouri, and is engaged in the business of insuring automobiles against fire, theft, etc.

Plaintiff is a resident of Sedalia, Pettis County, Mo., and is engaged in the business of trucking, in the prosecution of which he owns and operates several trucks. Among others owned by plaintiff was a second hand "International" three-ton truck. On October 12, 1923, defendant, in consideration of $16.20 premium, issued its policy of insurance on said truck in the sum of $1800, thereby insuring it against loss by fire, theft, etc., for a period of one year. On September 26, 1924, the said truck was burned. Notice and proof of loss were duly filed and payment demanded for the face of the policy. Payment was refused and this suit followed.

The amended petition formally alleges the facts above related; states the truck was a total loss and asks judgment for the face of the policy, the statutory ten per cent for vexatious delay and a reasonable attorney's fee.

The answer admits defendant's corporate existence, the issuance of the policy, receipt of the premium as alleged in the petition, and denies generally all other allegations therein. As affirmative defense the answer avers that the said policy of insurance contains a

provision that it was issued and accepted subject to certain stipulations, conditions, representations and warranties, as provided in the application for the said insurance which became a part of the contract and policy; that said stipulations provide that the policy shall not be paid if insured, or his agent, concealed, or misrepresented in writing, or otherwise, any material fact or circumstance concerning the insurance or the subject thereof; or if insured or his agent shall make any attempt to defraud defendant, either before or after the loss.

The answer avers that plaintiff, in his application for said insurance, misrepresented and concealed a material fact and circumstance concerning the insurance and subject thereof, in this, that plaintiff falsely represented that the price of said truck was $3150, and that the actual cost thereof to plaintiff, including equipment, was $3240, when in truth and in fact, the list price of said truck was only $2450, and that it actually cost plaintiff, including equipment, $2823.97, and that said facts were concealed from defendant; that defendant relied upon said representations of plaintiff and that had it known that the price of said truck was $2450, and that the actual cost thereof to plaintiff, including equipment, was $2823.97, it would not have issued the policy, or would not have issued the policy in the amount it was issued, and would have charged a higher premium for the policy.

The answer further alleges that the policy on its face provides that it is non-valued, and that in no event shall defendant be liable beyond the actual cash value of the property so insured at the time of the loss; and that the loss or damage shall be ascertained, or estimated according to such actual cash value with proper deductions for depreciation, however caused; and further provides that in no event shall it exceed what it would cost to replace said property with material of like kind and quality; such ascertainment to be made by plaintiff and defendant, or if they differ, by competent and disinterested appraisers to be selected as specified therein.

The answer stated that immediately after the notice of the fire, defendant demanded that such damage be estimated as provided in the policy, but that plaintiff refused and neglected to comply with this demand; that the value of said truck was far less than the cost of replacing same with a truck of like model, material, kind and quality, and would be far less than $1800; that defendant tendered plaintiff the full amount of the premium paid, with interest thereon, upon learning the true facts with reference to the price plaintiff paid for the truck, and that said policy, by reason of the matters and things pleaded in the answer, was null and void.

The reply specifically denies that any false representations were made as alleged in the answer, and states that when negotiating for the truck in question, plaintiff entered into a contract of purchase

on June 7, 1921, at which time the purchase price of the said truck was given as stated in the policy; that a later contract was entered into on June 15, 1921, wherein a different price was named; and that through error, and without any intent to defraud, plaintiff in his investigation of the price of said truck, consulted the contract of June 7, 1921, instead of the later contract under which the truck was actually purchased; that the cash purchase price of said truck was, in fact, $2923.97, and that in addition thereto plaintiff was required to construct a bed or body thereon which brought the price, including equipment to not less than $3000; that said representation was not material to the risk and was not false.

The reply denies that plaintiff refused to enter into an arbitration for the purpose of ascertaining the damage, but on the other hand plaintiff requested defendant to enter into such arbitration, and gave the name of the arbitrator selected by plaintiff and that defendant failed and refused to enter into such arbitration; that at no time did defendant offer to enter into such arbitration and appoint a disinterested appraiser, as provided by the policy, but that defendant named as its appraiser one H. J. Alley who was a representative of, and in the employ of defendant; that the appraiser named by defendant and the one named by plaintiff could not agree upon a competent and disinterested umpire, as was provided in the policy, and that on December 24, 1924, plaintiff again notified defendant by letter that he was willing to enter into an appraisement and defendant failed and refused to reply to said letter and request, but denied liability on the policy and made tender to plaintiff of the premium paid; that fire destroyed the truck on September 26, 1924, and that defendant did not offer to replace the truck until November 14, 1924, after plaintiff had been compelled to purchase a new truck in order to conduct his business. A general denial is also incorporated in the reply.

Upon the pleadings thus made the cause was tried to a jury, resulting in a verdict for plaintiff in the sum of $1404 and judgment therefor was accordingly entered. A motion for new trial was unavailing and defendant appeals.

At the close of plaintiff's case and again at the close of all the evidence, defendant asked and the court refused peremptory instructions in the nature of demurrers. These rulings furnish the only basis for the charge of error here presented.

It is pointed out that the policy upon which this suit is based contains the following clause:

"This policy contract shall be void if there has been any concealment, misrepresentations or fraud as to any material fact or circumstance in the procuring of the same."

The defendant urges and the answer states there was concealment of facts and misrepresentations as to the purchase price of the

truck. This is denied in plaintiff's reply to defendant's answer and thereby became a controverted issue in the case. The misrepresentation urged is that plaintiff claimed he actually paid $2923.97 for the truck, whereas the list price was $2450. The evidence of the parties of this issue is somewhat conflicting.

It is shown that the policy in question was written by defendant's agent, one Harry W. Black, who had written policies on other trucks owned by plaintiff and on this occasion Black went to the office of plaintiff and there prepared the application from written data referring to the purchase of the truck, consisting of certain papers relative thereto. Black was presented as a witness by defendant and on cross-examination testified that he prepared the application from the date at hand, fixed the price of the car therefrom and signed plaintiff's name thereto. The witness was asked relative to the signing by him of plaintiff's name to the application. "Q. Did he ask you to? A. No."

On cross-examination Black further testified as follows: That he saw the car and considered it worth $1800 when he insured it for that; that he estimated the cost of the car at $3000, in order to arrive at $1800, or sixty per cent of $3000. "Q. You were not misled by what Mr. Cohen told you, if he told you $3240? A. No, sir.

"Q. Now, Mr. Black, you considered the car when it burned worth $1500, didn't you?

"By Mr. Rucker: I object.

"The Court: When it burned?

"By Mr. Shortridge: Yes, sir.

"The Court: What he considered the fair reasonable market value? "A. Well, I would consider it—you see it was eleven months insured, well, it would be twenty-two per cent less than $1800.

"Q. You considered it worth $1800 and twenty-two per cent of $1800 would be how much, a little over $300, close to $400? A. Twenty-two per cent less.

"Q. Twenty-two per cent of $1800, let's see if we can figure that out—that would be about $396? A. Yes, I guess so.

"Q. But you told me yourself that you considered the car, at the time it was destroyed, worth $1500.

"By Mr. Shortridge: Well, your figures would give at $1404 with $396 off? A. Yes, sir."

Plaintiff testified that he did not tell Black how much insurance he wanted and that Black fixed the amount himself, as the entire matter was entrusted to him.

There can be no doubt, as contended by defendant, that a material misrepresentation by the applicant will void a policy written upon the basis of such misrepresentation, and that willful misrepresentation as to the cost price of the truck is material. [Bushong v. Ins.

Co., 253 S. W. 175; Berry v. Ins. Co., 263 S. W. 884; Farber v. Ins. Co., 177 S. W. 675; State ex rel. v. Allen et al., 276 S. W. 877.] But according to the evidence of defendant's witness Black, it appears defendant was not deceived by the valuation placed on the truck in the application. The rule applicable to this situation, as stated in Smith v. Dye, 88 Mo. 581:

"Fraudulent representations by a vendor to the vendee must, in order to set aside the conveyance, be as to a material fact, must be likely to deceive, must have been relied upon, and must have contributed directly to the injury."

The testimony of defendant's agent Black shows that he placed his own valuation on the truck and fixed the amount named in the policy; that he was acquainted with the truck and in his judgment it was worth $3000 when the policy was issued and that when it was destroyed it had a value, by reason of depreciation, of $1404. This was the amount of the verdict and judgment. Thus, it is seen that instead of valuing the car at $3240, as shown in the application, the amount of insurance written was figured by Black from a valuation of $3000; the agent having placed his own valuation on the property, the defendant is estopped under the valued policy act from making such defense.

This court held in Smith. v. Ins. Co., 269 S. W. 682, 685:

"Aside from this, the agent himself placed his own value on the property, and the company is now estopped to set up any such defense. We fail to see how the company could be defrauded where it made its own valuation."

The misrepresentation, besides being material, must have been relied on by the insurer and formed the basis of the insurance before it will render the policy void. [Kenney v. Ins. Co., 247 S. W. 249.] The evidence shows that plaintiff actually paid $2923 for the truck and this was only a few dollars less than the $3000 valuation placed on it by defendant's agent. Under the circumstances shown by the evidence the valued policy statute of this State will not permit defendant to deny the value placed on the truck by its own agent. Section 6229, Revised Statutes 1919, is as follows:

"In all suits brought upon policies of insurance against loss or damage by fire hereafter issued or renewed, the defendant shall not be permitted to deny that the property insured thereby was worth at the time of the issuing of the policy the full amount insured therein on said property; and in case of the total loss of the property insured, the measure of damages shall be the amount for which the same was insured, less whatever depreciation in value, below the amount for which the property is insured, the property may have sustained between the time of issuing the policy and the time of the loss, and the burden of proving such depreciation shall be upon the defendant; and

in case of partial loss, the measure of damages shall be that portion of the value of the whole property insured, ascertained in the manner hereinafter prescribed, which the part injured or destroyed bears to the whole property insured.''

And by section 6239 it is provided further, ''that in all suits brought upon policies of insurance against loss or damage by fire hereafter issued or renewed, the defendant shall not be permitted to deny that the property insured thereby was worth at the time of the issuing of the policy the full amount insured therein on said property covering both real and personal property; and provided further, that nothing in this section shall be construed to repeal or change the provisions of section 6229 of the Revised Statutes of 1919.''

Prior to the act of 1919, the above section was considered as a direction to insurance companies not to insure for more than three-fourths of the value of the property, and when they fixed the value and issued insurance for the sum fixed, they should not be allowed to dispute that such sum was three-fourths of the value. The above section relates to the value of the property at the time of the insurance and not at the time of the fire. And in case of loss the burden of proof is on the insured to show there was no depreciation in the value of the property between the time of the issuance of the policy and the time the loss occurred. [Smith v. Ins. Co., 195 Mo. App. 379, 191 S. W. 1034.]

Evidence as to the depreciation on the truck as presented by plaintiff and defendant was somewhat conflicting. Plaintiff's testimony shows that the truck was worth from $1200 to $1500 at the time of the fire; while some of defendant's witnesses value it as low as $750. The question was one of fact for the jury to determine as to the deterioration if any, from the date of the issuance of the policy. [LaFont v. Ins. Co., 193 Mo. App. 543.]

It is further urged in support of defendant's contention that the demurrers should have been sustained because an arbitration was necessary and plaintiff refused to arbitrate. There is testimony tending to show that the truck was a total loss. In Ward v. Ins. Co., 211 Mo. App. 554, 563, this court held, in effect, that there is substantial evidence to support a verdict for the plaintiff, the question of total or partial loss is for the jury. In the case at bar the defendant introduced no evidence to the effect that the loss was not total; and there is nothing in the record to show that defendant, at any time prior to the institution of this action made any claim that the loss was not total. The clause in the application provides for arbitration in the event of ''disagreement as to the amount of loss or damage.'' There is nothing in the evidence tending to show that there was, in fact, such a disagreement. It necessarily follows that in the absence of a disagreement in this respect, an appraisement was not neces-

sary. [Lance v. Ins. Co., 259 S. W. 535.] The clear purpose of an appraisement, or arbitration, is to arrive at the value of the property after the fire when there is a dispute relative thereto. There being no dispute herein that the truck was a total loss and from the further fact that defendant denied liability and tendered return of the premium, we are unable to conclude that defendant was entitled to arbitration or appraisement.

It has been held that where there is a provision in the contract for arbitration it must be shown, as a condition precedent to maintaining an action on the policy, that an effort was made to secure such appraisement; but this condition may be waived and is waived when the defendant denies all liability under the policy. [Vining v. Ins. Co., 89 Mo. App. 312, 314; Dautel v. Ins. Co., 65 Mo. App. 44; Cullen v. Ins. Co., 126 Mo. App. 412.]

It is also urged that defendant was not given a reasonable time in which to replace the property destroyed. The evidence shows that the fire occurred on September 26, 1924, and it was not until seven weeks later that defendant first mentioned the matter of replacement. The question of what is a reasonable time would depend upon the circumstances. Plaintiff's testimony was to the effect that his business requirements were such that he needed a truck in the meantime. This evidence was uncontroverted and in fact there was no evidence in defendant's behalf even tending to show that seven weeks was not a reasonable time in which to replace the truck. Furthermore, as defendant denied liability under the policy, the question of replacement is out of the case.

From what we have said herein, we must hold there was no error in the action of the court in refusing defendant's instructions in the nature of demurrers. The judgment is accordingly affirmed. *Bland, J.*, concurs; *Trimble, P. J.*, absent.