**John W. GAMEL, Plaintiff-Respondent,**

v.

**The CONTINENTAL INSURANCE COMPANY, Defendant-Appellant.**

No. 33737.

St. Louis Court of Appeals, Missouri.

Jan. 26, 1971.

Adolph K. Schwartz, St. Louis, for defendant-appellant.

Thurman, Nixon, Smith & Howald, James E. Bowles, Hillsboro, for plaintiff-respondent.

BRADY, Presiding Judge.

This is an appeal from a summary judgment in the amount of $10,000.00 and costs entered in favor of plaintiff and against the defendant. The determinative issue is whether a statement by the plaintiff to defendant's agent to the effect he wanted a policy for $10,000.00 can constitute a fraudulent misrepresentation. If it can then a disputed issue of fact prohibiting the entry of a summary judgment exists. Civil Rule 74.04, V.A.M.R. If, as a matter of law, it cannot then the judgment was properly entered. We are to consider that issue in the light of the provisions of § 379.140, V.A.M.S.; this state's "valued policy" statute.[1]

1. Section 379.140, V.A.M.S., states: "In all suits brought upon policies of insurance against loss or damage by fire hereafter issued or renewed, the defendant shall not be permitted to deny that the property insured thereby was worth at the time of the issuing of the policy the full amount insured therein on said property; and in case of total loss of the property insured, the measure of damage shall be the amount for which the same was insured, less whatever depreciation in value, below the amount for which the property is insured, the property may have sustained between the time of issuing the policy and the time of the loss, and the burden of proving such depreciation shall be upon the defendant; and in case of partial loss, the measure of damage shall be that portion of the value of the whole property insured, ascertained in the manner prescribed in this chapter, which the part injured or destroyed bears to the whole property insured."

Plaintiff was the owner of a one-family dwelling located on two acres of ground which he had purchased for the total sum of $800.00. Thirteen months and eighteen days later plaintiff purchased a policy of fire insurance from the defendant insuring said dwelling in the amount of $10,000.00. A fire resulting in a total loss occurred five months and eleven days after issuance of the policy. Prior to the fire plaintiff had advertised the property for sale at a price of $1,800.00. Accompanying the stated price was the notation: "house needs work."

By interrogatory plaintiff was asked: "Before the insurance policy described in the petition was issued did you represent to any insurance agent or broker the value of the dwelling described in the petition, if so state what value was represented by you, and from what source or sources you obtained said value?" His answer was: "I gave Clinton Insurance Agency a description of the property and told them the amount of insurance desired upon said property and they issued the policy." He was also asked the same questions with regard to his actions subsequent to the fire. He answered: "In the proof of loss, I stated that the value was $10,000 based upon my own experience in building houses and my own knowledge of the costs of replacing the dwelling." He was then asked what the actual cash value of the dwelling was at the date he applied for insurance, also at the date of the fire, and where did he " * * * obtain the figures for said actual cash value?" His answer was: "In my opinion, the actual cash value of the dwelling at the time that I applied for insurance was at least $10,000 and I am of the further opinion that the actual cash value of the dwelling at the date of the fire was $10,000. I obtained these figures from my own personal knowledge and experience in building and constructing houses and my own knowledge of the costs of replacing the dwelling on this property." It further appeared plaintiff had never obtained any estimate of cost of material to repair or replace the dwelling.

The insurance policy contains the following provision: "This entire policy shall be void if, whether before or after a loss, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto." The defendant's affidavit filed in opposition to plaintiff's motion for summary judgment avers plaintiff fraudulently misrepresented the value of the property at the time he made application for the policy of insurance and at the time he filed a proof of loss. It further appears from that affidavit that the agent who issued the policy would testify he was not familiar with the property, took plaintiff's words for its value, and intended to inspect it himself but did not have an opportunity to do so before it burned. Defendant contends that in view of the price paid for the house, the listing and advertising of the property by plaintiff for sale at the price of $1,800.00, and the statements to the agent as to the value at the time of taking out the policy and in the proof of loss, there is a disputed question of fact as to fraud and misrepresentation by the plaintiff in the procurement of the policy and in the filing of the claim. It follows, defendant urges, that summary judgment will not lie.

It is first necessary to determine what the alleged fraudulent misrepresentation consists of. Defendant presents this case on the basis that there was a misrepresentation as to the value of the property by the plaintiff both at the time of taking out the policy and in the proof of loss. It is obvious from the answer to the interrogatory concerning plaintiff's actions after the fire that he did then make, as a statement of opinion, a representation as to value. From the same source it is equally apparent that when he took out the policy he did not make any repre-

sentation as to value. All he did was tell the agency the amount of insurance he desired. Defendant's affidavit filed in opposition to the motion for summary judgment was to the effect that plaintiff did make a representation as to value at the time he took out the policy. The parties have briefed and presented the case as if there were a representation as to value made at that time in the form of an opinion by plaintiff. We will rule the case on that basis.

◼ Section 379.140, V.A.M.S., was first enacted in 1879. It was construed and held constitutional in Daggs v. Orient Ins. Co., 136 Mo. 382, 38 S.W. 85, where at l. c. 87 the court points out the purpose of the statute is to prevent insurance companies from taking reckless risks in order to obtain large premiums by advising them in advance that they would be held to the value agreed upon when the policy was issued; that while no company is required to insure property without first examining the premises—and may even refuse full coverage thereafter —after having the opportunity to inspect, fixing the amount of the risk, and receiving the premium for such amount it was estopped from denying the valuation stated in the policy; that the purpose of the act was wise and wholesome but, if not, its change was for the legislative not judicial authority; and that such valued policies were in use as a result of contract long before enactment of statutes of this nature. The court then held that under such statutes the face value of the policy " * * * was conclusive, both at law and in equity, save in cases of fraud." Another of the purposes of such statute was to put at rest the measure of damages in a suit on a fire insurance policy in case of total loss and arbitrarily to fix the same at the amount for which the property was insured less depreciation, an item not in this case. Michigan Fire & Marine Ins. Co. v. Magee, 240 Mo.App. 767, 218 S.W.2d 151, l.c. 155.

In his brief able counsel for plaintiff states that under our valued policy statute " * * * a defense of fraud and misrepresentation may be raised to void the policy sued upon, * * *." This conclusion of law (as contrasted to a judicial admission) may be warranted as a general statement or when used in the context of fraudulent misrepresentation going to some matter other than value. To the issue of value the conclusion has no application.

Defendant cites cases which it contends hold otherwise. They do not so hold, or are inapplicable to this specific issue, or have been effectively overruled. Defendant cites Duckworth v. United States Fidelity & Guaranty Co., Mo.App., 452 S.W.2d 280, l.c. 282, as follows: "(The valued policy statute) provides the same rule for multiple policies on the same property so that the aggregate of the policies shall be considered the value when policies are issued, except in cases of willful fraud or misrepresentation." This is how the excerpt from our opinion appears in defendant's brief. In the opinion the words in parentheses are deleted and in lieu thereof appears "Section 379.145". We are not here concerned with that statute, with multiple policies, or with the issue ruled in Duckworth; i. e., the applicability of the valued policy statute to personalty. Value was not an issue in that case. Neither was it an issue in Maddox v. Dwelling House Ins. Co., 56 Mo.App. 343, where the misrepresentation was as to what the insured did in fact own; in Bushong v. Security Ins. Co. of New Haven, Conn., 214 Mo.App. 462, 253 S.W. 175, as to the model year of the automobile insured; in Mackey v. Home Ins. Co. of New York, Mo.App., 284 S.W. 161, as to where the property was to be kept (the iron safe clause), or in Dolan v. Missouri Town Mut. Fire Ins. Co., 88 Mo.App. 666, as to the existence of other insurance and whether, if it did exist, the insurance then purchased was for more than three-fourths of the value of his stock of merchandise. Lama v.

Dwelling House Ins. Co. of Boston, 51 Mo.App. 447, involved misrepresentations as·to the fact of the amount of the existing mortgage, when the house was built, etc., as well as a representation as to value. The other misrepresentations were sufficient to allow defendant to avoid payment. The case should be so read as distinguished on the ground the statute was not the theory upon which plaintiff proceeded, or considered as overruled by Paine v. Albany Ins. Co., Mo.App., 299 S.W.2d 897. Other cases upon which the defendant relies fall within the second classification in that they do not deal with the issue before us in this appeal. For example, Cohen v. Ft. Dearborn Casualty Underwriters, 221 Mo.App. 741, 285 S.W. 1024, where the value stated in the policy was arrived at by the insurance agent and not the insured, the court holding that under such conditions the defendant cannot refuse to pay the face value of the policy. Andrews v. Bull Dog Auto Fire Ins. Ass'n of Chicago, Mo.App., 258 S.W. 714, is another example. There the insured gave truthful statements as to existing mortgages, the model number, whether the automobile was new or used, and the price paid. The agent put false statements as to these matters in the application. The court held the insured was not bound by the agent's action absent knowledge of it. Insofar as the case is pertinent it is authority contra to defendant's position in that it also holds that under the valued policy statute the company is estopped from defending on the grounds of a lesser value. However, the case really turns upon the agent's actions. A similar case is Harland v. Liverpool & London & Globe Ins.· Co., 192 Mo.App. 198, 180 S.W. 998, which turned upon the duty. of an agent to make a full disclosure to his principal. Johnson v. Reliance Ins. Co. of Philadelphia, Pa., 181 Mo.App. 443, 168 S.W. 914, is not in point for the fraudulent misrepresentation of fact there alleged went to the identity of insured. Insofar as the case is pertinent on the question of value it is author-

ity contra to the position for which defendant cites it for the holding was that under the valued policy statute evidence offered for the purpose of reducing that amount is inadmissible except to show depreciation.

Not only do defendant's citations of authority fail to support its contention that a misrepresentation as to value, standing alone, can furnish the basis for avoidance of payment under the policy in light of the valued policy statute, but a sound regard for legal principles dictates otherwise. To adopt defendant's contention would be to effectively repeal the valued policy statute and thus by judicial fiat thwart the plainly expressed legislative intent and purpose. Daggs v. Orient Ins. Co., supra. But we need not place our decision upon that ground. There is ample and sound case law to clearly light the path to the proper decision of this appeal.

■ This issue was presented to this court in Burton v. Newark Fire Ins. Co., Mo.App., 263 S.W. 539. There, as in the instant appeal the owner allegedly falsely and fraudulently misrepresented the value both to the agent upon issuance of the policy and in his proof of loss. This court held that under the facts there present the statements of the insured constituted fraudulent misrepresentation and were available to the defendant to void the policy. This holding was reversed in State ex rel. Burton v. Allen, 312 Mo. 111, 278 S.W. 772, l. c. 773 [1, 3]. The rule of law applicable to the situation presented in the instant appeal was exhaustively researched and concisely stated. "It is undoubtedly the rule of decision that a statement or misrepresentation of value, even if false, where the parties occupy an equal footing, is the mere expression of an opinion on which a charge of fraud cannot be predicated. 'A mere opinion, however false, is not a false pretense.' State v. Zingher, 302 Mo. 650, 653, 259 S.W. 451, and cases cited." Later in the opinion at l. c. 774, the court held: "On the facts disclosed, fraud can-

not be predicated on the statement of value made by the assured."[2] The statements of the court in State ex rel. Burton v. Allen, supra, have recently been reiterated in Shepherd v. Woodson, Mo., 328 S.W.2d 1, where the court held: "Statements as to the value of property do not ordinarily constitute fraud, being considered mere expressions of opinion. Orlann v. Laederich, 338 Mo. 783, 92 S.W.2d 190, 197 [8–12]; Bondurant v. Raven Coal Co., Mo.App., 25 S.W.2d 566, 574 [19], citing cases." Later in that opinion the court points out that the basic distinction depends upon the character of the parties in their dealings with each other, holding that where they are on an equal footing, are adversary parties, and are dealing at arm's length with each other, statements as to the value of the property do not constitute fraud. To the same effect is the holding of the court in Wood v. Robertson, Mo., 245 S.W.2d 80, l.c. 84: "And where the means of knowledge are at hand and are equally available to both parties and the subject matter is alike open to their investigation, if one of them does not avail himself of those means and opportunities he will not be heard to say that he was deceived by the other party's misrepresentation, if there be no confidential relationship between the parties and if no fraudulent devices have been practiced upon the one alleged to have been defrauded to induce him to refrain from making an inquiry, or to anesthetize his sense of caution. Conklin v. Missouri Pac. R. Co., 331 Mo. 734, 55 S.W.2d 306; State ex rel. Union Pac. R. Co. v. Bland, supra [324 Mo. 601, 23 S.W.2d 1029]; Poe v. Illinois Central R. Co., 339 Mo. 1025, 99 S.W.2d 82; Rau v. Robertson, Mo.Sup., 260 S.W. 751."

■ The situation presented in the instant appeal would seem to be a classic example of the dangers pointed out by the court in Daggs v. Orient Ins. Co., supra, and summarized earlier herein. Plaintiff went to defendant's agent, gave him a description of the property, and told him the amount of insurance desired. Although it had the opportunity, defendant never raised any question about the amount of insurance requested, made no inspection of the property, never attempted to make any with plaintiff, never requested any be made, and never discussed lowering the amount of coverage. Defendant issued its policy immediately upon payment of the premium and raised the point of value for the first time after the property was destroyed and a total loss some five months and eleven days later. Defendant does not now contend that there was any depreciation. It is obvious the parties were adversary, that they dealt at arm's length with each other, and that there is nothing appearing in this record from which one could conclude that they were not on an equal footing with respect to the opportunity to determine the value of these premises. Under such circumstances the statement of the owner as to the amount of insurance he desired is a mere expression of opinion and, as a matter of law, cannot furnish the basis for the defense of fraud. It follows that the defense which the defendant seeks to present is, as a matter of law, of no assistance to it.

■ Nevertheless we must reverse this judgment. This for the reason that the judgment awards interest at 6 per cent from and after October 30, 1967, the date of the fire. The policy was attached to the petition. It states: "When loss payable. The amount of loss for which this Company may be liable shall be payable sixty days after proof of loss, as herein provided, is received by this Company and ascertainment of the loss is made either

---

2. The case of Farber v. American Automobile Ins. Co., 191 Mo.App. 307, 177 S.W. 675, was also cited and relied upon by defendant. That case was decided prior to Burton v. Newark, supra, and as is apparent at l. c. 677, furnished the basis for the decision in Newark. It follows it was in effect, though not expressly, overruled by Burton v. Allen, supra.

by agreement between the insured and this Company expressed in writing or by the filing with this Company of an award as herein provided." It is obvious the court cannot award any interest except in compliance with the terms of the policy. This judgment must be reversed and the cause remanded for the determination of interest, if any.

The judgment is reversed.

DOWD and WOLFE, JJ., concur.