Levi HODGE, Plaintiff-Appellant,

v.

CONTINENTAL WESTERN
INSURANCE COMPANY,
Defendant-Respondent.

No. 13925.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 29, 1986.

Tyce S. Smith, Sr., Waynesville, for plaintiff-appellant.

Dale L. Davis, E. Mitchell Hough, Bussell, Hough, O'Neal, Crouch & Hall, Springfield, for defendant-respondent.

PER CURIAM:

Plaintiff Levi Hodge appeals from a judgment affirming a jury verdict in favor

of defendant Continental Western Insurance Company (Continental). Since the only issue on appeal concerns the allegation of trial court error in submitting an instruction to the jury concerning fraudulent representation on Hodge's part in obtaining increased fire insurance coverage on his home from Continental, we confine our recitation of material facts to those concerning that issue.

Hodge purchased a home near Rolla, Missouri in 1980, and paid approximately $30,000 for it. He obtained fire insurance coverage from Continental, who, after inspection of the premises, insured the house for $40,000. In June of 1981, Hodge contacted Debbie Pendergraft, an insurance agent with United Southwest Service Agency, which serviced Continental's policies in the Rolla area, and requested that his policy limits be increased. Hodge represented to Pendergraft that he had made substantial improvements to the house, and that he had obtained a written appraisal stating that the replacement cost of the house was $70,000.

Relying on those representations, Pendergraft increased the house coverage to $70,000, plus increases for personal property and loss of use coverage. On October 31, 1981, the house and contents were totally destroyed by fire. There was substantial evidence that the fire had been deliberately set. Continental refused to pay Hodge for his loss, and Hodge sued, claiming the policy limits on the house, personal property loss, damages for vexatious refusal to pay, and attorney fees. In its defense, Continental contended that it was not liable because 1) Hodge had set the fire, or caused it to be set, and 2) the representations made to Mrs. Pendergraft to induce her to raise the policy limits were false, and therefore, voided the coverage. The case was jury tried, and substantial evidence was introduced from which a jury could reasonably find a) that the fire was set or procured by Hodge, and b) the representations made to Mrs. Pendergraft were false.

At the close of the evidence the court instructed the jury. Among the instructions were instructions No. 7 and 8, offered by Continental, which read as follows:

### INSTRUCTION NO. 7

Your verdict must be for the defendant if you believe the fire was intentionally set for the purpose of burning the house by the plaintiff or person or persons acting for or with knowledge and consent of the plaintiff.

### INSTRUCTION NO. 8

Your verdict must be for defendant if you believe First, either:

plaintiff represented prior to defendant's rejection of the claim that all of the items of personal property submitted in the Sworn Statement in Proof of Loss were destroyed in the fire, or

plaintiff represented to defendant in his request for increased insurance coverage that improvements had been made which substantially increased the value of the house, upon which defendant relied in increasing the insurance coverage, and

Second, either representation as submitted in paragraph first was false, and

Third, plaintiff knew the representation was false or did not know whether it was true or false, and

Fourth, the false representation was material, and

Fifth, plaintiff intended to deceive defendant.

If plaintiff knew the representation was false, the intent to deceive will necessarily be implied as the natural consequence of such act.

The term "material" as used in this instruction means it has some bearing on the subject matter.

After deliberation, the jury returned a verdict for Continental. This appeal followed.

■ Hodge first contends that it was improper to give instruction No. 8 because the defense of misrepresentation in obtain-

ing increased coverage was not placed in issue by the pleadings, and therefore, should not have been submitted to the jury. In paragraph 4 of its answer to plaintiff's petition, Continental asserted, in answer to plaintiff's contention that by reason of the "Missouri Valued Policy" statute he was entitled to the policy limits, that such statute "is wholly inapplicable to Plaintiff's claim due to intentional representations made by Plaintiff to Defendant in obtaining an increase in the limits of coverage under said policy, said representations which Plaintiff intended Defendant to rely upon, and upon which Defendant did reasonably rely in increasing the coverage limits under said policy." The answer also stated, in paragraph 19, that conditions contained in Sections I and II of the policy provided that the entire policy was void if the insured intentionally concealed or misrepresented any material fact relating to the insurance, and that Hodge had breached this condition by, among other things, grossly overstating the value of the house. Hodge was put on notice by these allegations that material misrepresentations made by him to get increased coverage were being asserted as a policy defense. Hodge did not request that the allegations of misrepresentations raised in the answer be made more specific, and therefore cannot now complain about the lack of specificity in the answer on this issue. *Picarella v. Great Atlantic and Pacific Tea Co.*, 316 S.W.2d 642, 646 (Mo. App.1958), overruled on other grounds, *Tomlin v. Alford*, 351 S.W.2d 705, 711–12 (Mo.1961).

It is also evident from the record that Hodge received ample notice of the specifics of the claim of material misrepresentation. In its answers to plaintiff's interrogatories Continental stated that intentional misrepresentations made by plaintiff to defendant in obtaining an increase in the limits of coverage under his policy with defendant were being raised as a defense to plaintiff's case. Hodge's knowledge concerning the specific nature of the misrepresentations he allegedly made is shown by his suggestions in support of a Motion in Limine he filed, where he stated "Defendant's allegation is that Plaintiff misrepresented there had been improvements made to the property which increased its value and therefore necessitated the increase in coverage when, according to the allegations of the Defendant, such improvements had not been made." At trial, Hodge vigorously contested the claimed misrepresentations, and the issue was fully litigated. Evidence was introduced by Continental from which the jury could find that Hodge had not made substantial improvements to the house which would have substantially increased its value. By reason of the pleadings, plaintiff's knowledge of the specific defense in question, and the nature of the proof adduced at trial, the issue was fairly litigated and instruction No. 8 was correctly submitted.

■ Hodge next contends that instruction No. 8 misdirected the jury as to a matter of law. He claims that the so-called "Value Policy Statute", which is § 379.140 RSMo 1978 precluded the defense of misrepresentation where the value of the property lost by fire is in issue. The pertinent portion of the statute reads as follows:

§ 379.140 ... In all suits brought upon policies of insurance against loss or damage by fire hereafter issued or renewed, the defendant shall not be permitted to deny that the property insured thereby was worth at the time of the issuing of the policy the full amount insured therein on said property; and in case of total loss of the property insured, the measure of damage shall be the amount for which the same was insured, less whatever depreciation in value, below the amount for which the property is insured, the property may have sustained between the time of issuing the policy and the time of the loss, and the burden of proving such depreciation shall be upon the defendant;
...

By reason of the statute, the valuation listed in the policy is conclusive *unless* the valuation set is the result of fraud, misrepresentation, or collusion. *DeWitt v. American Family Mutual Insurance Co.*, 667

S.W.2d 700, 708[17] (Mo. banc 1984). Fraudulent misrepresentation utilized to secure excessive coverage, if, as here, reasonably relied on, removes the protection of the statute. In his brief, Hodge's attorney attempts to soften the blow of *DeWitt* by asserting that whatever representations he made to Mrs. Daughtery were mere expressions of opinion, and as such, did not amount to misrepresentations of fact, citing *Gamel v. Continental Insurance Co.*, 463 S.W.2d 590, 594–95 (Mo.App.1971) as authority for his position. His reliance on *Gamel* is misplaced. In that case, all the insured did was tell the insured's agent how much coverage he wanted. Here, Hodge made positive statements regarding the cost and extent of improvements made, as well as stating he had a written appraisal that the replacement cost of the house was $70,000. Such statements are not opinions, but, under the evidence, could have been considered by the jury, as "fraudulent devices ... practiced upon the one alleged to have been defrauded to induce him to refrain from making an inquiry, or anesthetize his sense of caution." *Gamel, supra,* at 595, quoting *Wood v. Robertson,* 245 S.W.2d 80, 84 (Mo.1952). The statute was not a bar to the defense raised, and the jury was not misdirected as to a matter of law in the submission of instruction No. 8.

In his final complaint regarding Instruction No. 8, Hodge asserts that the definition of "Material" as meaning "it has some bearing on the subject matter" that is contained in the instruction is impermissibly vague. Hodge did not object to the definition used at time of trial, and did not tender any alternative definition for the trial court's consideration. If Hodge feared the definition was susceptible to misunderstanding because of its general scope, it was incumbent upon him to provide an instruction that was more specific. Since he did not do so, he is not in a position to complain. *Miller v. Ranson and Co.*, 407 S.W.2d 48, 54–55[11] (Mo.App. 1966).

The definition, while general, was adequate. *Associated Photographers, Inc. v. Aetna Casualty & Surety Company,* 677 F.2d 1251, 1257 n. 14 (8th Cir.1982); *Wittels Loan & Mercantile Co. v. American Cent. Insurance Co.*, 273 S.W. 1084, 1086[2] (Mo.App.1925).

We note in passing that Hodge does not question the sufficiency of the evidence to justify the giving of either instruction No. 7 or 8.

Judgment affirmed.

All concur.