Kenneth A. **JONES** and Alendo **Building Company, Appellants,**

v.

**STATE FARM FIRE AND CASUALTY COMPANY, Respondent.**

No. 52750.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 1, 1987.

Albert W. Dieffenbach, Hillsboro, for appellants.

John G. Doyen, Clayton, for respondent.

CRIST, Judge.

Appeal from a summary judgment in favor of State Farm Fire and Casualty Company (State Farm) and from the denial of appellants' motion for summary judgment. We affirm.

The parties have agreed that there is no material question of fact. The facts, as stipulated are:

In July of 1985, Alendo Building Company (Alendo) contracted to construct a 24-unit apartment building and convey it to G. David Voges for $690,000. Kenneth A. Jones (Jones), sole stockholder and officer of Alendo, orally agreed with Alendo to purchase, improve and then convey the property to Alendo also in consideration of $690,000. Jones purchased the unimproved real estate for $54,000.

State Farm issued Jones a "builder's risk" policy in the face amount of $690,000 to cover the property during construction. The policy and the declaration page represent the entire agreement between the parties. The premium paid for the policy was a reduced premium wherein the rate was based on the average amount of liability during the period of construction. On July 8, 1985, the date of the policy's issuance, Jones had not begun construction of the building. By November 23, 1985, Jones had partially completed construction when a fire totally destroyed everything that had been built up to that point. The parties agree the "replacement cost value" of the destroyed building was $440,393.09. The value of the premises upon completion of the building would have been $690,000. After the fire, Jones completed construction of the planned building without being able to salvage any part of the burned building.

In March 1986 Jones and Alendo filed a proof of loss with State Farm claiming a loss in the amount of $690,000. On April 21, 1986, Jones and Alendo filed suit against State Farm. Prior to filing the proof of loss, State Farm paid Jones and Alendo $100,000 in partial satisfaction of its obligation to them; and on August 6, 1986, State Farm paid into the registry of the Circuit Court of Jefferson County, the sum of $340,393.09. The $440,393.09 paid by State Farm represents the agreed upon replacement cost of the first building, a value which includes $11,000 for debris removal.

Jones and Alendo set forth three points relied on. All their claims are controlled by a resolution of whether Jones and Alendo are entitled to the replacement cost value of their partially completed building or if they are entitled to "the full amount insured" under §§ 379.140 and 379.160, RSMo 1986. The policy was issued in the face amount of $690,000, with provisional limits, in consideration of a reduced premium based on the average amount of liability during the period of construction. The parties agreed the replacement cost of the structure following the loss was $440,393.09 and that the land underneath the structure was not destroyed. They stipulated the premises, upon completion, would be worth the face value of the policy. The entire premises were insured; the building was not overinsured. Jones and Alendo's third point relied on wherein they argue they should get at least $54,000 more than

replacement cost value is without merit because the land, which was worth $54,000, was not destroyed. Thus, the only issue before us is whether the $690,000 limit of liability under the policy applied to the structure, whether or not it was a completed building when the loss occurred.

The provisional limit of liability is set out on page five of the policy, Section 1—Conditions is as follows:

1. *Provisional Limit of Liability.*

   a. the limit of liability applicable to property under this policy is provisional. It is a condition of this insurance, wherein the rate and premium are based on an average amount of liability during the period of construction, that at any date while this policy is in force, the actual limit of liability is that proportion of the provisional limit of liability that the actual value of the described property on that date bears to the value at the date of completion. This limit shall not in any case exceed the provisional limit of liability; and

   b. in consideration of the reduced rate at which this policy is written, it is a condition of this insurance that in the event of loss, the Company shall be liable for no greater proportion of the loss than the provisional limit of liability under this policy bears to the value of the described property at date of completion.

■ It is undisputed that there was a reduction in the premium paid on the policy. At the inception of the policy, there was no building and low risk because there was no structure of value on the property. During the erection of the building, the value increased with the additions to the structure. There is no rhyme or reason for State Farm to be liable for the face amount of the policy before the building was completed. Jones and Alendo received coverage in accordance with premium paid. Under the terms of the policy, the face amount of the policy was limited by the provisional liability limits and by the premium paid by Jones and Alendo. *See, MFA Mutual Insurance Co. v. Gulf Insurance Co.*, 445 S.W.2d 829, 831 (Mo.1969) (describing builders' risk policies).

■ Jones and Alendo "contend that the 'replacement cost value' formula to determine damages is contrary to MoRS [sic] Sections 379.140 and 379.160." Sections 379.140 and 379.160 represent Missouri's valued policy legislation. They both prohibit an insurer from denying "the property insured ... was worth at the time of the issuing of the policy the full amount insured." §§ 379.140 and 379.160.3, RSMo 1986. The purpose behind the valued policy legislation is to prevent overinsurance. *See Daggs v. Orient Insurance Co. of Hartford Connecticut*, 136 Mo. 382, 38 S.W. 85, 87 (1896); *Gamel v. Continental Insurance Co.*, 463 S.W.2d 590, 593 [1] (Mo.App.1971). The concerns which resulted in enactment of the valued policy legislation in Missouri do not appear in this case, and do not compel payment of the full limits of liability for the loss of a partially completed structure. In fact, payment of the face value of the policy would conflict with our public policy "to prevent wagering under the guise of insurance and temptation to destroy the insured property." *DeWitt v. American Family Mutual Insurance Co.*, 667 S.W.2d 700, 704 [2] (Mo. banc 1984). If Jones and Alendo were allowed to recover $690,000 for a fire that damaged them only $440,393.09 they would be profiting from the fire.

Jones and Alendo rely on *King v. Phoenix Insurance Co. of Brooklyn, N.Y.*, 195 Mo. 290, 92 S.W. 892 (1906). The court in *King* held there is "no good reason ... why there should be any difference in the application of the valued policy law to a policy taken out by the owner of the land and ... [one] taken out by the builder." 92 S.W. at 898. However, *King* involved a reconstruction of an existing structure. The insured did not pay a reduced premium for coverage based upon the average limit of liability during the period of coverage, rather the insured paid a fixed premium for a fixed amount of coverage. *Id.* at 893. The holding in *King* revolved around a determination of whether there was an insurable interest in the building; the court

did not deal with the issue of the value of a partially completed building for the purpose of insurance payments.

It would be against public policy for an insurer to pay the full amount of the policy where the amount insured is provisional upon the percentage of the building completed. If the building in the case at bar had only been five percent completed, there could hardly be any question but that State Farm would not have to pay the full $690,-000. The amount due on the policy is that agreed upon by the parties as the value of the property destroyed by the fire.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.