# CASES DETERMINED

BY THE

## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

### MARCH TERM, 1903.

*(Continued from Volume 101.)*

## CITY OF DE SOTO, Respondent, v. AMERICAN GUARANTY FUND MUTUAL FIRE INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, April 28, 1903.

1. **Insurance, Fire: TRIAL BY THE COURT, FINDINGS CONCLUSIVE.** The special findings made by the trial court, pursuant to the statutory provisions, are conclusive upon issues of fact in actions at law; if the record contains evidence sufficient to support such findings, they will not be disturbed on appeal, if the conclusions of law are correct.

2. ———: **APPLICATION: AGENT TAKING APPLICATION KNEW HOUSES WERE NOT OCCUPIED, BINDING.** The knowledge of the agent of a fire insurance company at the time he wrote the application that the buildings named, which were owned by the city, were not occupied, but were intended for small-pox patients and were pesthouses, was binding on the company, and it could not set up that the policy was avoided by reason of that fact, as being a misstatement in the application.

3. ———: **AMOUNT INSURED FOR, CONCLUSIVE: STATUTES CONSTRUED.** Under the direct provisions of Revised Statutes 1899, sections 7969, 7970, the amount of insurance on buildings is conclusive as to their value at the time the insurance was effected,

(1)

but the sections only apply to real property, and proof of the value of personality destroyed is essential to support a recovery.

4. ———: PERSONAL PROPERTY INSURED: PROOF OF VALUE OF PROPERTY, INSUFFICIENT. In an action on a fire policy covering personalty owned by a city, testimony of the latter's mayor, without describing the character of the property, that it had cost between two or three hundred dollars when new, that it had been about six months in use by smallpox patients, and that he did not know what it was worth when it was burned, was not sufficient to show the value of the property or to authorize recovery therefor.

Appeal from Jefferson Circuit Court.—*Hon. Frank R. Dearing*, Judge.

REVERSED AND REMANDED *(with directions)*.

*Waddill & Hereford* for appellant.

(1) It is well-settled law that if the finding of facts is clearly against the evidence, or that there is no evidence to support the finding, the appellate court will reverse that finding. The valued-policy law applies only to real estate. R. S. 1899, sec. 7970. (2) An inspection of the record will show that there was not a scintilla of evidence that the personal property was worth $200 or any other amount. Witness Ballard, plaintiff's only witness, stated that the property originally cost between $200 and $300, that it had been used for smallpox patients, and that he did not know its value. We submit that it had no value. On this evidence, and this evidence alone, the court found that the property was worth $200 and proceeded to give judgment against defendant for that amount.

*Jas. G. Berkeley, H. B. Irwin, Dinning & Hamel* and *Sam'l A. Reppy* for respondent.

In every country, where the common law is the basis of jurisprudence, a judgment rendered by a court

of general common-law jurisdiction over a subject within its jurisdiction, the law presumes the correctness of said judgment, and he who seeks to invalidate it must furnish the reasons therefor. Hoffman v. Malloy, 91 Mo. App. 369.

REYBURN, J.—Respondent, a city of the third class, brought this action against defendant, a corporation organized under the fire insurance laws of the State of Missouri, on a policy issued by it insuring two frame dwellings in the sum of $500 each, and $100 upon the contents of each of such buildings.

The defenses interposed by defendant's answer and relied on to defeat plaintiff's claim were, that the buildings insured had become, were and remained vacant and unoccupied at the time of the fire and for ten days prior thereto, and thereby under the express terms of the contract of insurance the policy became void; that the application for insurance filed with defendant, which was made part of the policy and a warranty of the insured, stated that the two dwellings insured were occupied as a dwelling by one Maloy as sexton, and that such warranty was false and untrue, and that such buildings were not occupied by Maloy or anyone else as a residence, but when occupied at all were used as pesthouses, and finally that it was agreed under the policy that if the hazard should be increased by any means within control or knowledge of the insured, the policy should be null and void, and that the hazard was so increased by the change of occupancy from dwellings as represented in the policy and application to pesthouses.

The reply contained averments charging and constituting a waiver of the provisions of the policy invoked by defendant's answer.

The local representative of defendant, a resident of De Soto, had sold the property to plaintiff, wrote the application for, issued and countersigned the policy. He acknowledged that at the time he prepared the ap-

plication and inserted therein statements to the effect that the property was occupied by the city sexton, and used as a cemetery by the city, and incorporated therein that if permitted to write the risk he would secure the insurance of all the other property of plaintiff, and added a recommendation therein to defendant not to decline the application, that he then knew the property was not so occupied and that he then believed it was occupied by smallpox patients, and he knew also that the buildings were to be used for such purposes by plaintiff and were called pesthouses.

There was also the testimony of the mayor of plaintiff tending to prove that this agent was fully apprised of the vacancy of the buildings before the policy was issued, and that the agent further stated the buildings would be insured as farm property, and that the application, which the mayor never saw, was formal; that the agent knew the property and the purposes for which it was employed; that after the insurance was effected he had discussed the question of vacancy with him, and the agent stated to the mayor that if the buildings were locked up with furniture therein, they would not be considered vacant, but this testimony was in large part controverted by the agent.

It was admitted that an adjuster had been sent by defendant to examine and settle the loss.

By agreement the cause was tried before the court, and a special finding of facts made, in which the court found that the provisions of the policy relied on by defendant had been waived. The special findings made by the trial court pursuant to the statutory provisions are conclusive upon issues of fact in actions at law, if the record contains evidence sufficient to support such findings and they will not be disturbed on appeal if the conclusions of law are correct. Railroad v. Railway, 151 Mo. 373; Lumber Co. v. Mining Co., 78 Mo. App. 676; Freeman v. Moffitt, 119 Mo. 280; Sutter v. Raeder,

149 Mo. 297. The knowledge of an insurance agent is imputable to the insurance company, and the facts in the evidence fully warranted the trial court in its finding of waiver and estoppel. "It is no hardship to hold insurance companies bound for the acts of its agents whom it authorizes to solicit insurance and countersign, issue and deliver its policies. The old maxim *'qui facit per alium facit per se,'* applies in all its ancient vigor to such a case." Rissler v. Ins. Co., 150 Mo. 366; Parson v. Ins. Co., 132 Mo. 583.

Under sections 7969 and 7970, Revised Statutes of 1899, the amount of insurance on the buildings was conclusive, but proof of the value of the personalty destroyed was an essential to recovery for its destruction. The only testimony directed to this issue was the statement of the mayor who, without specifying or detailing the nature of the property, testified that it had cost between two or three hundred dollars when new; that it had been in the buildings destroyed about six months in use by the smallpox patients, and he did not know what it was worth at the time it was consumed. The burden was on plaintiff to establish the value of such property at the time of the fire, and the difficulty attending the proof of such fact from the conditions prevailing did not justify or excuse its failure in that regard.

The judgment will be reversed and remanded with directions to the lower court to enter judgment for the plaintiff for $1,000, with interest thereon from the sixth day of December, 1901. *Bland, P. J.,* and *Goode, J.,* concur.