MAGGIE BOOTH LOWRY, Respondent, v. FIDELITY-PHENIX FIRE INSURANCE COMPANY, Appellant.*

Kansas City Court of Appeals. January 19, 1925.

1. **INSURANCE: Phrase "Total Loss" as Applied to Insurance Defined.** As applied to insurance, phrase "total loss" does not mean that the property insured must be entirely annihilated, nor that any portion remaining after the loss shall have no value for any purpose, but means only destruction of the property insured to such extent as to deprive it of character in which it is insured.

2. ———: **Rights and Obligations of Parties under Kansas Insurance Contract Determined by Laws of Kansas.** Rights and obligations of parties under Kansas insurance contract are to be determined according to law of Kansas.

3. **TRIAL PRACTICE: In Action on Kansas Fire Policy, Duty of Court to Instruct Jury as to Effect of Laws of Kansas with Respect Thereto.** In an action upon a Kansas fire insurance policy it was duty of court to construe and instruct jury as to meaning and effect of laws of State of Kansas, where official printed statute book of Kansas, published by authority of said State, duly authenticated, and laws and decisions of Kansas pleaded, were introduced without objection and case was tried on theory that they contained the law governing it.

4. **INSTRUCTIONS: Instruction Assuming Uncontroverted Fact is not Erroneous.** An instruction which assumes an uncontroverted fact and on the theory of which case was tried is not erroneous.

5. ———: **Duty of Court to Require Jury to Find Ultimate Facts Essential to Plaintiff's Recovery.** Proper for court to require jury to find ultimate facts essential to plaintiff's right of recovery.

6. ———: **Instruction Enumerating Ultimate Facts Necessary to Plaintiff's Recovery Held not Comment on Evidence.** An instruction enumerating the ultimate facts necessary to be found before jury could render verdict for plaintiff, *held* not comment upon the evidence.

7. ———: **An Instruction Properly Submitting Issue When Considered in Its Entirety Held Unobjectionable.** An instruction must be considered in its entirety, and if, when read as a whole, it properly submits the issues, then it is unobjectionable.

8. ———: **Instruction Submitting Essential Elements Necessary to Plaintiff's Recovery Need not Embrace Defendant's Theory.** Plaintiff had a right to submit her theory of case and if such theory is correctly submitted in an instruction, or the elements it submits, are sufficient to authorize a recovery, then it is unobjectionable, and does not have to embrace defendant's theory, unless the issues are so peculiar that the different instructions would be conflicting or appear to be, so as to be confusing.

9. **INSURANCE: Laws of Foreign State Where Insurance Contract Entered into are Considered as Part of Contract.** Laws of Kansas governing the rights and liabilities created by insurance contract, are as much a part of the contract as though they were written into, or specifically referred to by the contract.

10. ———: Allowance of Attorneys Fees in Action on Kansas Fire In-surance Policy Held Authorized by Kansas Laws. In an action on Kansas insurance contract, allowance of attorney's fee was authorized under sections 5358, 5359, Gen. St. Kan., 1915, permitting recovery thereof where plaintiff is successful in suit thereon, the statutes with respect thereto being a part of the contract.

11. CONFLICT OF LAWS: Public Policy: Laws of Kansas Authorizing Recovery of Attorneys Fees in Action upon Fire Policy, Held not in Conflict with Laws of Missouri, or Against Public Policy of the State. Law of Kansas authorizing recovery of attorneys fees where plaintiff is successful in suit upon fire policy, *held* not to conflict with laws of Missouri, permitting recovery of attorneys fees in cases where there is a vexatious refusal to pay; Kansas law not being against public policy of State of Missouri.

*Corpus Juris-Cyc. References; Conflict of Laws, 12 C. J., p. 439, n. 52. Contracts, 13 C. J., p. 560, n. 37. Fire Insurance, 26 C. J., p. 38, n. 92; p. 81, n. 11; p. 349, n. 62, 63; p. 350, n. 64, 65; p. 546, n. 45; p. 574, n. 70. Insurance, 32 C. J., p. 977, n. 46; p. 1162, n. 24. Trial, 38 Cyc., p. 1395, n. 44; p. 1627, n. 73, 74, 75; p. 1653, n. 11 New; p. 1667, n. 85; p. 1684, n. 38; p. 1685, n. 39; p. 1778, n. 73; p. 1779, n. 75.

Appeal from the Circuit Court of Jackson County. —*Hon. E. E. Porterfield,* Judge.

AFFIRMED.

*J. C. Rosenberger, Rollin E. Talbert* and *D. G. Warrick* for respondent.

*Crow & Newman* for appellant.

TRIMBLE, P. J.—This is an action on a $2000-policy of fire insurance on plaintiff's residence in Rosedale, Kansas. The policy ran for three years from April 28, 1920, and is a Kansas contract, having been applied for, countersigned, issued and delivered, on property in that State. The fire causing the loss herein sued for occurred in the early hours of the morning of December 11, 1921.

The petition, after alleging the execution and delivery of the policy in Kansas and the total destruction

of the house by fire, pleaded, *in haec verba,* the "valued policy law" of Kansas, consisting of sections 5356, 5357, 5358 and 5359, General Statutes of Kansas 1915, and then alleged that plaintiff duly performed and complied with all of the conditions of said policy and said statutes on her part to be performed, and had demanded payment of said insurance, but defendant had refused to pay, making it necessary for plaintiff to bring this suit and hire attorneys for that purpose and to incur the expense of their fees, the reasonable amount of which is $700, for which amount together with $2000 and interest at six per cent thereon from January 7, 1922, judgment was prayed.

The amended answer, on which the case was tried, consisted first of a general denial; and it then alleged that after the policy was issued another and prior fire occurred, the loss on account of which was adjusted and the sum of $40.50 paid thereon in full of same.

The answer further alleged that in the fire sued for, the house was not totally destroyed; and then set up a provision of the policy requiring an appraisement, in case the parties could not agree on the loss, and alleging that plaintiff had refused to join in said appraisal, wherefore she was not entitled to recover.

The reply denied these allegations and again pleaded a total loss of the property, whereby she was not, under said valued policy law and the decisions of the Supreme Court of Kansas, notably those of Liverpool, etc., Ins. Co. v. Hickman, 64 Kan. 388, and Queen Ins. Co. v. Straughan, 70 Kan. 186, required, in that event, to submit to an appraisal.

A trial resulted in a verdict for plaintiff in the full amount of the policy less the $40.50 which the jury found the defendant had paid in settlement of the former loss pleaded by it, together with interest on the balance from date of demand.

On motion filed for allowance of attorney's fee as provided in section 5359, General Statutes of Kansas 1915, and evidence introduced thereunder including the

laws and decisions of Kansas in relation thereto, the court allowed $600 as attorneys' fees, and rendered judgment for plaintiff on the verdict in the sum of $2098.95, with interest at six per cent and for cost and for the $600 attorneys' fees as a part thereof.

Thereupon an appeal was allowed defendant.

There was ample evidence from which the jury could find that the fire resulted in a "total loss" of the dwelling. As applied to the subject of insurance, the phrase "total loss" does not mean that the property insured must be entirely annihilated, nor that any portion remaining after the loss shall have no value for any purpose, but it means "only destruction of the property insured to such extent as to deprive it of the character in which it is insured." And even though some portion of the building remains after the fire, yet if it "cannot be used to advantage in reconstructing the building, or will not, for some purpose, bring more money than sufficient to remove the ruins, such dwelling is, in contemplation of the law, a 'total loss' or 'wholly destroyed.'" [Liverpool, etc. Ins. Co. v. Hickman, 64 Kan. 388, 395.]

The policy is a Kansas contract, and the rights and obligations of the parties accruing thereunder are to be determined according to the law of Kansas. [Ayers v. Continental Ins. Co., 217 S. W. 550, 551; Thompson v. Traders Ins. Co., 169 Mo. 12, 26; First National Bank v. Security Mut. Life Ins. Co., 283 Mo. 336, 354.]

Plaintiff's instruction No. 1 is as follows:

"The court instructs the jury that the governing law in this case is the law of the State of Kansas, where the insurance policy sued on was issued to plaintiff and where the dwelling house described in the policy was located, and that the statute of Kansas read in evidence is binding upon the defendant company. You are further instructed that by said Kansas statute it is provided that whenever any policy of insurance shall be written to insure any improvements upon real estate against loss by fire, and said property insured should be wholly destroyed by fire, the amount of insurance written in such

policy shall be taken conclusively to be the true value of the property insured and the true amount of loss and measure of damages.

"If, therefore, you believe from the evidence that on or about December 11, 1921, the dwelling house described in said policy was wholly destroyed by fire, and that at the time said policy was issued and at the time of said fire plaintiff was the owner of said dwelling house, then two thousand ($2000) dollars, the amount of insurance written in each policy, shall be taken by you conclusively to be the true value of said house and the true measure of plaintiff's loss and her measure of damages, unless you further believe from the evidence that defendant company paid out to or for plaintiff a sum, not exceeding $40.50, under said policy, on account of damage done by fire of May 6, 1921, in which event you should deduct such amount (not exceeding $40.50) from said $2000; but if you find from the evidence that nothing was paid by the company to plaintiff on account of said fire of May 6, 1921, and that defendant company repaired or attempted to repair such damage in such unworkmanlike manner that such repairs were without value, if you so find, then you would have no right to make said deduction. You are further instructed that if your verdict be in favor of the plaintiff, and you should find from the evidence that her house was wholly destroyed by fire, then she is entitled to interest on the amount which you may find due her, at the rate of six per cent per annum from December 30, 1921, up to the present date."

It is urged that this instruction is erroneous because: (a) It tells the jury that the statutes of Kansas introduced in evidence is the law of Kansas; (b) it was an unwarranted comment upon the evidence, and (c) it deprived the defendant of its defenses in that it ignores the defense of payment of the $40.50 loss in the former fire and ignores its defense that the loss involved herein was a partial loss.

As to the first objection, the official printed statute book of Kansas, known as the "General Statutes of

Kansas, 1915'' published by authority of the State of Kansas and carrying the due authentication of the Attorney General and Secretary of State of Kansas, was the work introduced, section 5356 of which, as far as applicable, is as follows:

"Whenever any policy of insurance shall be written to insure any improvements upon real property in this State against loss by fire, tornado or lightning, and the property of the insured shall be wholly destroyed without criminal fault on the part of the assured or his assigns, the amount of insurance written in said policy shall be taken conclusively to be the true value of the property insured and the true amount of loss and measure of damages . . ."

The statutes and the decisions of Kansas pleaded were introduced without objection and the case was tried on the theory that they contained the law governing it. Nothing appeared which in any way controverted or questioned the authenticity of the statutes. It was the duty of the trial court to instruct the jury as to the law of the case, the same as its duty to declare the law of our own State in a case governed by it. [Slaughter v. Metropolitan Street Ry., 116 Mo. 269, 277.] The proof, which was offered to show the Kansas laws, was written, official, documentary evidence. The foreign law was not sought to be proved by oral testimony of experts learned in that law; if it had been, doubtless it should have been left to the jury to say whether it should be believed or not; but if a *written* law be proved, it is the duty of the court to construe it and instruct the jury as to its meaning and effect. [Charlotte v. Chouteau, 33 Mo. 194, 200.] An instruction which assumes an uncontroverted fact and on the theory of which the case is tried is not erroneous. [Midway National Bank v. Davis, Director General, 288 Mo. 563, 581; Dee v. Nachbar, 207 Mo. 680, 698; Godfrey v. Kansas City, etc., Power Co., 247 S. W. 451, 455; Davidson v. St. Louis Transit Co., 211 Mo. 321, 356.]

As to the second objection, the instruction shows on its face that it does not comment upon the evidence. It does enumerate the *ultimate* facts necessary to be found before the jury can render a verdict for plaintiff. Of course, it is proper for the court to require the jury to find the ultimate facts essential to plaintiff's right of recovery. Decisions condemning instructions which single out portions of the evidence and give undue prominence to them, or which tell the jury that certain specifically mentioned evidence established a fact in issue, or which quotes a part of a conversation and tells the jury the effect of that part, are not in point here. As to the third objection, that the instruction ignores the defendant's defenses, it is clear that the instruction does not do so. The instruction must be considered in its entirety, and if, when read as a whole, it properly submits the issues, then it is unobjectionable. [Fearey v. O'Neill, 149 Mo. 467, 475; Copeland v. Wabash R. Co., 175 Mo. 650, 676.] Besides, appellant's defenses were expressly covered by two instructions given in behalf of appellant. Plaintiff had the right to submit her theory of the case and if such theory is correctly submitted in an instruction or the elements it submits are sufficient to authorize a recovery, then it is unobjectionable. It does not have to embrace the defendant's theory, unless, perhaps, the situation and issues are so peculiar that the different instructions would be conflicting or appear to be, so as to be confusing. [State ex rel. v. Hope, 102 Mo. 410, 426; Turner v. Snyder, 139 Mo. App. 656; Merly v. St. Louis, etc., R. Co., 215 Mo. 567.]

It is next urged that the court erred in allowing attorney fees and in rendering judgment for same, for the reason that "the penalty and attorney fee provision of our (Mo.) statute cannot be applied in a suit in our courts upon a contract of insurance of another State, based upon the laws of such other State." No doubt this is true. The trouble with appellant's objection is that it *assumes* that in allowing the attorney fee the court was applying and enforcing our Missouri law with reference

to *vexatious refusal* to pay. Such, however, was not done. The insurance policy being a Kansas contract, the substantive rights and obligations accruing thereunder are to be determined by the law of Kansas. See authorities hereinbefore cited on this point. Furthermore, the laws of Kansas governing the rights and liabilities created by such insurance contracts as are made with reference thereto, that is, the laws in force where, and at the time, the contract is entered into, are as much a part of the contract as though they were written into, or specifically referred to by, the contract. [13 C. J. 560, sec. 523; Daggs v. Orient Ins. Co., 139 Mo. 382, 390; Arthaud v. Grand River, etc., District, 232 S. W. 264, 267.] The Kansas statutes expressly provide that contracts of insurance shall be deemed to have been made in contemplation of the statutes of that State. For section 5358, General Statutes of Kansas 1915, pleaded and introduced in evidence, provides:

"This act shall apply to all policies of insurance hereafter written in this State and also to renewals which shall hereafter be made of all policies written in this State, and the contracts made by such policies and renewals shall be construed to be contracts made under the laws of this State."

Section 5359, General Statutes of Kansas 1915, is as follows:

"The court in rendering judgment against any insurance company on any such policy of insurance shall allow the plaintiff a reasonable sum as an attorney's fee, *to be recovered* as a part of the costs." (Italics ours.)

Since the provisions of the Kansas law are a part of the contract itself, then it follows that the allowance of an attorney's fee and permitting a "recovery" thereof in cases where suit is or has to be brought, is not the enforcement of a *penalty,* but of a *contractual obligation* to reimburse plaintiff for the outlay made necessary under the circumstances. The Kansas laws, unlike ours, do not say that if the refusal to pay is found by the jury

219 Mo. App.—9.

to be *vexatious,* then damages may be assessed together with an attorney's fee. The Kansas Statute says nothing about a vexatious refusal to pay or a penalty. It provides for the allowance and *"recovery"* of an attorney's fee in every case where suit has to be brought on a policy of fire insurance and the plaintiff is successful in the contention over the issue involved. In the case of Alliance, etc., Ins. Co. v. Corbett, 69 Kans. 564, 571-2, the Kansas Supreme Court adverts to the doctrine of certain cases holding that attorneys' fees may be imposed as a kind of penalty incurred in conduct of business affected with a public interest, and then says:

"The Legislature has chosen to make important distinctions in the imposition of burdens of the character mentioned in different cases. In actions against railroads for damage by fire, attorney's fees are recovered as a part of the judgment itself and inhere in the general cause of action for damages. [Gen. Stat. 1901, sec. 5924; Railway Co. v. Ludlum, 63 Kan. 719, 66 Pac. 1045.] In other statutes the fees allowed for the plaintiff's attorney are identified with the damages for which the action is primarily brought. In such cases the punitive character of the award is quite conspicuous, and it should be determined as any other item of the plaintiff's claim."

The court after doing this, then goes on to say:

"In suits against insurance companies, however, the Legislature has indicated that the *allowance is to be made as an indemity for an outlay occasioned by the company's fault, and recovery is limited to a reimbursement of the successful party for the necessary expenses incurred in the prosecution of his claim."* (Italics ours.)

In Ayers v. Continental Ins. Co., 217 S. W. 551, it is said: "The payment of an attorney's fee was *a part of the performance* of the contract, and is governed by the law of Kansas, where the contract was made." It is true, the recovery of attorney's fee was not upheld in that case, but an examination of the record discloses that no law of the State of Kansas was pleaded or proved,

and of course the only basis of such recovery was the Missouri law, which could not be applied.

In Thompson v. Traders Ins. Co., 169 Mo. 12, 29, the attorney fee was sought solely *under Missouri* law, but the court said, "The Missouri statute imposing this penalty for vexatious delay, does not relate to the remedy. It is a matter connected with the performance of a contract." . . . "The Missouri law applies only to the remedy in this case. The law of Kansas applies to the contract and to *all matters pertaining to the performance thereof.*" (Italics ours.),

And in First National Bank v. Security, etc., Ins. Co., 283 Mo. 336, 354, the attorney's fee was likewise sought under Missouri law, for no Texas statute authorizing the *recovery* of same was pleaded. The court said:

"This contract was made in Texas. Respondent is a resident of Texas, paid the premiums there, and demanded performance of the contract in that state. The Texas statute, if any there is on this proposition, is not pleaded. We do not take judicial notice of the statutes of a sister State, and if such a statute as would authorize the allowance of an attorney's fee exists in that State, it should have been pleaded and proven in the same manner as any other fact. [Fidelity Loan Securities Co. v Moore, 217 S. W. (Mo.) 286, 1. c. 289.] The allowance of an attorney's fee relates to the right and not to the remedy."

In the case of Spring Garden Ins. Co. v. Amusement Syndicate Co., 178 Fed. Rep. 519, 527, 534, the Federal Circuit Court of Appeals for the 8th District, upheld an allowance of attorneys' fees. That was a suit in equity and the Chancellor, in his opinion, after quoting the Kansas statute said (p. 527): "That the requirement of the statute would be binding on this court, sitting as a court of law rendering judgment in a case where the loss is total, and not partial, must be conceded." The Court of Appeals, however, held that the statute was applicable to policies written on improvements to real estate whether the loss was total or partial, and at page 534, the

court said: "The attorneys' fees were properly allowed."

In support of its contention that the provision of the statute now under consideration relates to the *remedy* which cannot be enforced in another State, appellant cites Young v. Renshaw, 102 Mo. App. 173; Schemp v. Davis, 201 Mo. App. 430; Wait v. Atchison, etc., R. Co., 204 Mo. 491; Mills v. Metropolitan St. Ry. Co., 282 Mo. 118, and Mills v. Metropolitan St. Ry. Co., 221 S. W. 1. But these are cases dealing with the enforcement of an attorney's lien given by the Missouri statute, a right belonging to the attorney for plaintiff and perhaps incidental to the case, but *not a part of* the plaintiff's cause of action, or right arising as a part of the contractual obligation existing between the parties and upon which the action rests. Such cases are, therefore, not in point; and the purpose of the Kansas statutes being to effect the payment of the full amount of insurance, without loss resulting from attorneys' fees, and limiting recovery of attorney fees to "*reimbursement* of the successful party for the *necessary expenses* incurred in the prosecution of his claim" (Alliance, etc. Ins. Co. v. Corbett, 69 Kan. l. c. 572, Italics ours), the provision is compensatory, a part of the contractual obligation arising from the contract made under such laws, and hence can be enforced in Missouri, the same as any other part of the contractual rights, and is not to be defeated by giving it the name of *remedy*. The point that the Kansas law conflicts with the Missouri law is without merit; it is manifestly not against the public policy of our State, and though it may *differ* from our laws in regard to the same subject-matter, that can make no difference since it is purely Kansas law that is being enforced and not Kansas law *eked out* by the Missouri law on a similar subject.

We think the judgment should be affirmed. It is so ordered. The other judges concur.