MICHIGAN FIRE & MARINE INSURANCE COMPANY, A CORP., APPELLANT, v. JULIA E. MAGEE, JULIA E. MAGEE, ADMINISTRATRIX, ETC., RESPONDENTS.—218 S. W. 2d 151.

Kansas City Court of Appeals. Opinion delivered February 7, 1949.

*Alvin C. Trippe, Hale Houts* and *Hogsett, Trippe, Depping & Houts* for appellant.

*James E. Campbell, Wherritt & Sevier* and *Harry A. Hall* for respondent.

DEW, J.—Plaintiff, appellant, brought suit against respondents for declaratory judgment to determine the rights of the parties under a fire insurance policy and respondents filed joint answer and cross petition. The judgment was in favor of the defendants on plaintiff's petition, and in favor of defendants on their cross petition in the sum of $5000 on the policy, plus $320.83 interest, $500 as penalty, and $750 attorneys' fees, totaling $6,570.83. From the above judgment the plaintiff appealed.

The following facts are either stipulated or stand uncontroverted. O. F. Magee and Julia E. Magee were husband and wife, and at the time of his death were living in the dwelling house in Clay County, Missouri, which is the building covered by the fire insurance policy involved. There were no children of this marriage, but O. F. Magee had two children by a former marriage, defendants Oliver E. Magee and Mary Evelyn Casto. On October 8, 1945, O. F. Magee died intestate, leaving surviving him his widow, defendant Julia E. Magee, and said two children of the deceased. The title to the dwelling mentioned stood in the name of O. F. Magee alone at the time of his death. Defendant Julia E. Magee was appointed administratrix of the estate of O. F. Magee and is still acting as such. There had been no admeasurement of the widow's dower. On November 13, 1945, upon her petition, the Probate Court authorized her to take charge of the real estate of the deceased.

During the lifetime of O. F. Magee the plaintiff, through its agent, Albert Fuson, had handled the insurance for him and had written a policy on the dwelling house, expiring May 23, 1946, following his death. On the date of the expiration of that policy the plaintiff issued to defendant Julia E. Magee its policy now in question insuring the building for a term of one year, in the amount of $5000, which policy she had kept in her lock box since its delivery and had not looked at it since until the date of the fire. That policy provided, among other things, that it insured "Julia E. Magee (Route 8, North Kansas City 16, Missouri)" to an amount "not exceeding $5000 * * * nor in any event for more than the interest of the insured" against loss by fire of "a shingle roof frame two-family dwelling * * *".

On March 21, 1947, the dwelling house described in the policy was totally destroyed by fire. Its reasonable value at that time was conceded to be $7200. On April 21, 1947, claim was made by "Julia E. Magee, insured", together with proof of loss, for the payment of the full amount of the policy, $5000. Within 60 days thereafter, to wit, May 16, 1947, the plaintiff herein, through its attorney, wrote to the attorney preparing that claim and proof of loss, the following:

"* * * It is our opinion that at the time this fire occurred the assured owned only a one-third interest in the property for life. The policy provides that the company is not liable in any event for more than the interest of the assured. The company is willing to pay her for her interest in the property under the policy, and takes the position that she is not entitled to recover for more than her interest".

In May, 1947, Oliver E. Magee and Mary Evelyn Casto (codefendants in the present cause) brought suit against defendant Julia E. Magee, Julia E. Magee as administratrix, and her bondsmen, and against the plaintiff in the present suit, wherein they charged that Mrs. Magee had violated her duty by failing to secure insurance to protect the estate and heirs, and had negligently procured a policy insuring the property from the Michigan Fire & Marine Insurance Company for $5000, payable to Julia E. Magee, as an individual, and not in her representative capacity; that a fire occurred, resulting in a total loss of the improvements on said real estate so insured, amounting to a value in excess of the amount of the policy; that such insurance was for the use and benefit of the plaintiffs therein as sole heirs of said estate; that Julia E. Magee was entitled only to insure her dower interest, and that the plaintiffs had been informed that the policy was issued to her without naming her in her official capacity as such administratrix. That petition further alleged that the insurance company (plaintiff in the present cause) claimed that the policy did not insure any interest of the estate, administratrix or heirs, and alleged that the plaintiffs therein were the equitable beneficiaries and holders of the proceeds of the policy, and that said insurance company had full knowledge of the plaintiffs' interests in said property and policy, and was attempting to keep the payment by legal subterfuge. The prayer was that the rights, status, and legal relations of the parties be determined, and that the court find whether or not Julia E. Magee had violated her duty and bond by securing the policy aforesaid, and asked for judgment against the insurance company in the full amount thereof, with interest, and with penalties, and for reasonable attorneys' fees; that judgment be rendered for plaintiffs against Julia E. Magee in the sum of $8000, the value of the building, and for like amount against her bondsmen; that Julia E. Magee be further declared trustee for the benefit of the plaintiffs therein for all installments received under said policy.

Julia E. Magee, individually, and as administratrix, filed separate answers to that action of the heirs, admitting, respectively, that she obtained the policy described, and that she had made demand on the insurance company for payment, but denied all other material allegations.

The above suit, instituted by the heirs against Julia E. Magee and others, was dismissed on March 18, 1948, "by agreement" of the parties thereto.

The present action was brought by the company on August 19, 1947, for a declaratory judgment. It pleads that Julia E. Magee had made claim to the full amount of the policy, and also the son and daughter had made claim to part of the proceeds thereof; that Mrs. Magee was insured for no more than her interest in the property and was not entitled to more than one-third of the value of the property for life, which was less than the face amount of the policy. The prayer asked a determination of the rights of the parties and a judgment that plaintiff was liable to Mrs. Magee personally in an amount equal to one-third of the value of the property for her life, and that that amount be determined, and for· a judgment that plaintiff was not liable to Julia E. Magee, as administratrix of the estate of her husband, and not liable to the defendants, son and daughter of the deceased in any amount.

The defendants herein all joined in an answer, including Mrs. Magee, individually, and as administratrix, and they filed their joint cross petition. The answer denied that Mrs. Magee was entitled under the policy to only the value of her dower interest in the property. The joint cross petition alleged that the interest of Julia. E. ·Magee in the property in question was that of a life estate arising from dower and homestead, and that the son and daughter of deceased were owners of the remainder, and prayed for a declaratory judgment against plaintiff in favor of the defendants for $5000, with interest, and for penalty and attorneys' fees for vexatious refusal to pay. Plaintiff's reply was in the nature of a general denial of the material allegations of the cross petition.

A jury was waived by the parties and trial had to the court. The testimony of defendant Julia E. Magee tended to prove additional facts.· She testified that on the expiration of the policy issued to her deceased husband, Mr. Fuson, the agent of the plaintiff herein wrote her about the matter; that at the time the present policy was issued she told Mr. Fuson that she was administratrix of her husband's estate. She said shortly after the fire plaintiff's adjuster came and she told him that her interest was that of the widow of O. F. Magee, and told him that she was the administratrix of her husband's estate; that he did not make an offer to pay any amount, and said that she was not entitled to anything under the policy, or very little, and refused to pay her anything. She said she was then and is now claim-

ing an interest as for a homestead, and also for her dower interest, as well as her interest as administratrix of the estate. She testified that the suit brought against her by the son and daughter of the deceased had been dismissed by agreement between her and them, and there had not been any disagreement between them since prior · to the filing of the joint answer in the present action. She admitted that there was no reason why she could not have read the policy which she had in her lock box from the time of its issuance up to the time of the fire. She said, however, that she had not looked at it since she placed it in the box. She denied knowing that the company had offered to make any payment whatever until shortly before trial, when her attorney advised her that the company had offered her $1500, which she refused to accept.

On the part of the plaintiff it introduced the letter from its attorney to defendants' attorney hereinbefore mentioned.

R. H. Dean, a witness for plaintiff, testified that he was an adjuster for the Western Adjusting and Inspection Company in ·Kansas City at the time of the fire loss on the Magee property and investigated it. Three or four days after the fire he called on Mrs. Magee and inquired of her what her interest was, and she said the property was in the name of her husband. She said that she had a life interest in it. He told her that in such a case it would be necessary for him to refer the matter to the company. He sent a written report of the interview to the company. Before receiving any reply to the report a suit was filed by the son and daughter of the deceased against Mrs. Magee and the company. The claim was thereafter referred to the company's attorney. He denied telling Mrs. Magee that the company would not pay her anything, and had made no statement to her about any payment whatever. He had seen her but the one time. On cross-examination he said Mrs. Magee told him she had an interest as a widow, and also as administratrix of the estate.

At the close of the evidence the court gave all the defendants' requested findings of fact and conclusions of law, and judgment for defendants, as stated. It refused part, and gave part of the plaintiff's findings of fact and conclusions of law.

Appellant's first point of error is (1) that the court erred in its judgment in not limiting the appellant's liability solely to Julia E. Magee and in her private capacity, and (2) in entering judgment on defendants' cross petition for more than the value of the dower interest of Julia E. Magee in the sum of $1606.18, with interest from date of fire.

No other person is named in the policy as the insured except "Julia E. Magee". It certainly purports to insure her and her only, and in no other than in her individual capacity. It is conceded that she had an individual insurable interest,—that of dower and homestead. Promptly after the fire she made proof of loss and demand for pay-

ment in her individual name alone. Litigation thereafter ensued among all the parties hereto, based on the theory and claim of the present defendant heirs that Julia E. Magee had obtained the policy to insure her individual interest and was attempting to collect therefor. That suit pended almost a year and was dismissed "by agreement" of the heirs with Mrs. Magee about two weeks before trial of the present cause, and after the heirs had joined with her in the answer and cross petition herein, presenting their present new theory of recovery.

It was the burden of the defendants in the instant cause to prove that the policy was meant to insure any person other than Julia E. Magee, individually, the only party named. For this, they rely mainly on the evidence that the plaintiff's agent knew that Mrs. Magee was the widow of O. F. Magee, and was administratrix of his estate and had charge of the property. In the absence of fraud, that knowledge would not be inconsistent with her purpose and desire to insure only her individual interest, as the policy purports to do, and as the heirs first contended she did. There was no showing that she had no right to insure her own separate private interest.

The Supreme Court in Farmers Mutual Fire Ins. Co. v. Crowley, 354 Mo. 649, 190 S. W. 2d 250, said at page 651:

"Where a legal life tenant insures the property in his own name and for his own benefit and pays the premiums from his own funds, he is, at least in the absence of a fiduciary relationship between him and the remainderman existing apart from the nature and incidents of the tenancy itself, or of an agreement between him and the remainderman as to which of them shall procure and maintain insurance, entitled to the proceeds of the insurance upon a loss; and the fact that the insurance was for the whole value of the fee is not generally regarded as affecting the right of the life tenant to the whole amount of the proceeds. (citations)".

The court further said at page 653:

"The insurance policy is a personal contract; both the life tenant and the remainderman have insurable interests in the property; if the life tenant procures the insurance for his personal indemnity, the remainderman, who did not procure the insurance, has no cause for complaint, even if the proceeds of the life tenant's insurance contract exceeds the sum which would indemnify him for his personal loss; the proceeds are of the insurance contract, not of the property, and do not stand in the place of the property destroyed".

It is our opinion that the defendants have not sustained the burden of their contention that the policy insured any other person than Julia E. Magee, individually. If the administratrix, in charge of the building under order of court, failed to obtain fire insurance also

covering the interests of the remaindermen, that is a matter between her and them with which the insurance company herein, so far as the evidence shows, is not concerned. We conclude and hold that defendant Julia E. Magee, as administratrix of the estate of O. F. Magee, has no interest in the policy in suit, nor has either of the codefendants Oliver E. Magee or Mary Evelyn Casto, and that the policy insured only Julia E. Magee, individually.

Having determined that the policy insured none other than Julia E. Magee in her private capacity, the question arises, What is her measure of damages under the policy for the total loss? Defendants contend that since there was a total loss of the dwelling house insured, and that the same was shown to exceed the amount of the policy, therefore the full amount of the policy is recoverable by them under the valued policy statutes, Sections 5930, 5931, R. S. Mo., 1939.

Appellant argues that under the provisions of the policy restricting liability to the interest of Julia E. Magee, individually, in the property, she is entitled only to the value of her dower, which it calculates at the sum of $1606.18 on the basis of $7200 valuation, under the dower and homestead statutes and mortality tables.

Our valued policy statute, Section 5930, is designed to and does put at rest the measure of damages in a suit on a fire insurance policy in case of total loss of the property insured, and arbitrarily fixes the same at the "amount for which the property was insured", less depreciation. Plaintiff makes no issue as to depreciation in this case and can claim none. Hunt v. U. S. Fire Ins. Co. of N. Y., 193 S. W. 2d 778, 786. Any provision in the policy contrary to the above statute is illegal and void, Section 5931. The contract contemplates the pertinent statutes as if expressly incorporated. Sharp v. Ins. Co., 164 Mo. App. 475, 486, 147 S. W. 154. The amount to be paid is proceeds of the contract, not of the property.

The interest of Julia E. Magee, individually, when the fire occurred, was the same as on the date of the policy. That interest was insured in the maximum amount of $5000. She had in the meantime alienated no part of it, nor had it been diminished in any respect. She makes no claim, individually, to any status or interest created or arising after the insurance contract was made. Therefore, when the whole of her interest so insured was destroyed by fire, she was entitled under the statute to the face of the policy, with interest, no depreciation being shown. This is true regardless of the actual market value of her interest in the building on the date of its total destruction. McCollum v. Insurance Co., 67 Mo. App. 66, 71.

Appellant contends that the court erred in finding and entering judgment for penalties and attorneys' fees. In view of the fact that shortly after proof of loss and demand for payment by Julia E. Magee and until a few weeks before the trial of this cause there was

pending a suit by the heirs against both Mrs. Magee and the appellant, claiming an interest in the proceeds of the policy, and in view, too, of the relations and status of the various parties respecting the dwelling house, no substantial evidence appears that the company acted in such bad faith in withholding the payment pending judicial determination of the issues, nor vexatiously refused to pay the loss as to justify penalties and attorneys' fees under Section 6040, R. S. Mo., 1939, and it was error for the court to find and adjudge otherwise under the evidence.

The court should have found, upon plaintiff's petition, that the policy insured Julia E. Magee, individually, only; that she was entitled to recover the full amount of the policy; and the judgment thereon should have been that the plaintiff was indebted to Julia E. Magee, individually, in the sum of $5000, with interest.

The finding on the cross petition should have been that the defendants Julia E. Magee; administratrix of the estate of O. F. Magee, deceased, and Oliver E. Magee and Mary Evelyn Casto have no interest in the policy sued on and are not entitled to recover thereunder, and the cross petition should have been dismissed as to those defendants; the finding on the cross petition should further have been that Julia E. Magee, individually, is entitled to recover the full amount of the policy, and judgment thereon should have been rendered in her favor against the plaintiff in the sum of $5000, with interest at 6 per cent per annum from March 21, 1947, the date of the fire, and the costs of the proceedings should be assessed against the plaintiff herein.

The judgment is reversed and the cause remanded with directions to enter judgment in conformity herewith. All concur.