MARYLAND CASUALTY COMPANY, OF BALTIMORE, MARYLAND, A CORPORATION, APPELLANT, v. MYRON FRANK, PAUL A. WALTERS AND JOHN FRASER, DOING BUSINESS AS PARKING SERVICE INVESTMENT CO., RESPONDENTS.

No. 5664

April 8, 1969                              452 P.2d 919

*Goldwater, Taber, Hill & Mortimer* and *Robert E. Rose,* of Reno, for Appellant.

*Gordon W. Rice,* of Reno, for Respondents.

## OPINION

By the Court, ZENOFF, J.:

The insurance company appeals from a summary judgment awarded its insured, the respondent, on a claim which arose out of a fire that damaged the insured's property in Reno to such extent that the city condemned the building and ordered it demolished.

The insurance company contended that it was liable only for the amount necessary to restore the insured building to its condition before the fire and accordingly offered $3,522. Respondents contend that the building was a total loss, that no city building permit could issue to permit repairs, that the city's demolition order was conclusive proof of total loss, and that therefore they were entitled to the cash value of the building before the fire.

Neither party appealed from the condemnation order. The respondent insured had no policy obligation to repair or to appeal the condemnation order. Appellant could have exercised its policy option to repair the property if it could secure approval from the city or could have contested the condemnation order. It did neither and the damaged structure was demolished. It was conceded by appellant that the policy covered the type of loss involved here if indeed the loss were caused by the fire.

There is an exception clause in the policy which holds the insurance company harmless from recovery for any loss caused by order of any civil authority. The insurance company contends that the loss here was caused by the order of a civil authority, to wit, the city's condemnation order.

This court in Goldring v. Kline, 71 Nev. 181, 284 P.2d 374 (1955), put to rest any contention that the validity of a condemnation order can be questioned in court when it was not contested before the proper board of appeals at the local government level. See also Ripps v. City of Las Vegas, 72 Nev. 135, 297 P.2d 258 (1956). A condemnation order unchallenged before the local authorities is conclusive in court. It is also sufficient to support a finding of total loss. American

Home Fire Assur. Co. v. Mid-West Ent. Co., 189 F.2d 528 (10th Cir. 1951); Rutherford v. Royal Ins. Co., 12 F.2d 880 (4th Cir. 1926); A. H. Jacobson Co. v. Commercial Union Assur. Co., Ltd., 83 F.Supp. 674 (D.Minn. 1949); Taylor v. Aetna Cas. & Sur. Co., 341 S.W.2d 770 (Ark. 1961); Fidelity and Guar. Ins. Corp. v. Mondzelewski, 115 A.2d 697 (Del. 1955); Monteleone v. Royal Ins. Co., 18 So. 472 (La. 1895); Larkin v. Glens Falls Ins. Co., 83 N.W. 409 (Minn. 1900); Feinbloom v. Camden Fire Ins. Ass'n, 149 A.2d 616, 619 (N.J. Super. 1959); Chauvin v. Superior Fire Ins. Co., 129 A. 326 (Pa. 1925); 6 J. Appleman, Insurance Law §§ 3821–22 (1942); Annot., 90 A.L.R.2d 790, 792–99 (1963); Annot., 49 A.L.R. 817 (1927).

The effort to present the testimony of a city employee to dispute the finality of the condemnation order does not breathe life into an issue already dead. The loss was not one caused by order of civil authority. The loss was caused by the fire, and the condemnation order was merely an unchallenged recognition of the loss. Fienbloom v. Camden Fire Ins. Ass'n, supra.

Affirmed.

COLLINS, C. J., BATJER, MOWBRAY, and THOMPSON, JJ., concur.