**Harry O. STAHLBERG, Appellant,**

v.

**The TRAVELERS INDEMNITY COMPANY, Respondent.**

**No. 39521.**

Missouri Court of Appeals, St. Louis District, Division One.

May 30, 1978.

John F. Sutherland, IV, Clayton, for appellant.

Evans & Dixon, Ralph C. Kleinschmidt, St. Louis, for respondent.

McMILLIAN, Judge.

Appellant Harry O. Stahlberg appeals from a judgment entered in the circuit court of St. Louis County in favor of respondent, The Travelers Indemnity Company. For reversal appellant argues the trial court erred in (1) construing "total loss" to mean actual total physical loss, (2) finding respondent was only liable for partial loss, and (3) finding the terms of the insurance policy to be controlling and the valued policy statute inapplicable. For the reasons discussed below, we reverse and remand the judgment with directions to the trial court to enter a judgment not inconsistent with this opinion.

This cause was submitted to the trial court upon a stipulation of facts, exhibits and briefs of counsel. The parties stipulated that appellant is a resident of St. Louis County, Missouri; respondent is a Connecticut corporation authorized and qualified to conduct the business of insurance in Missouri; appellant is the owner of property (a single-family residence) located at 3319 Calvert Avenue in the village of Breckenridge Hills, Missouri; respondent (insurer) issued a policy of fire insurance, No. 2220239, to appellant (insured), effective March 17, 1973 to March 17, 1974, in the amount of $9000 (the policy was admitted into evidence, Exhibit A); on April 21, 1973, appel-

lant's property was partially destroyed by fire; on May 30, 1973, the building commissioner of Breckenridge Hills advised appellant that his building would have to be torn down and removed pursuant to village ordinance # 321, which provides that a building which is 60% destroyed cannot be repaired [1] (the letter and ordinance were admitted into evidence as Exhibits B and C); appellant's building was torn down after May 30, 1973; appellant made a demand upon respondent for $9,000, the face value of the insurance policy; respondent offered appellant $5,810.12, the estimated cost, less depreciation, to repair and replace appellant's building with material of like kind and quality. In order to expeditiously resolve the controversy, appellant agreed to accept the offered sum of $5,810.12 without prejudice to either party. Appellant also agreed to withdraw all claims against respondent except for the difference between the amount paid by respondent and the face amount of the policy, $3,189.88, which is the amount in dispute in the present action. Respondent also agreed to withdraw all defenses except with respect to the amount due under the terms of the policy.

The trial court entered its judgment in favor of respondent. The trial court construed "total loss" to mean "actual total physical loss wherein any remaining portion is not subject to use as a basis for reconstruction" and concluded appellant did not suffer a total loss, making Missouri's valued policy statute, § 379.140 RSMo 1969, inapplicable. The trial court noted that the parties stipulated the building was partially damaged by fire and that the prohibition against reconstruction was apparently based upon the building's status as a nonconforming use,[2] not because the remaining portion was not usable in reconstruction. The trial court also found the insurance policy to be a matter of contract and the exclusionary provision limiting the insurer's liability to be enforceable. The trial court held that respondent had discharged its obligation and responsibility under the insurance policy by paying to appellant the sum of $5,810.12 and that respondent was not responsible for any additional loss alleged to have occurred by reason of the prohibition against reconstruction and the demolition of the remaining portion of the building.

For reversal appellant argues that he has suffered a constructive total loss of his building as the result of the fire damage and the municipal building commissioner's order to tear down the remaining portion. Because the loss was total, appellant argues the valued policy statute is applicable, the policy's exclusionary provision is void and he is therefore entitled to recover the balance of the face value of the policy, $3,189.88. Respondent argues that the valued policy statute is not part of the cause and the real question is whether the policy is to be enforced according to its terms,

1. The ordinance admitted into evidence as Exhibit C provides in part:

"Section 5. When a building, the use of which does not conform to the provisions of this ordinance is damaged by fire. . . . to the extent of more than sixty (60) percent of its assessed value, it shall not be restored except in conformity with the district regulations of the district in which the building is situated. . . ." (Emphasis added.) Village of Breckenridge Hills, Mo., Art. VIII, § 5.

We note that the terms of this ordinance do not simply prohibit repair when a building has been damaged more than 60% by fire. The ordinance provides that the structure may be restored but only in compliance with any applicable regulations. Although it is not clear from the record, appellant's building was apparently a nonconforming use. We leave open the question of the possibility of repair or restoration in conformity with applicable regulations and its impact upon respondent's liability in view of the parties' stipulation. Our discussion will therefore accept as true that appellant's building was partially destroyed by fire and was subsequently torn down and removed by municipal order pursuant to municipal ordinance # 321.

2. See discussion in Footnote 1. For the purposes of this appeal we do not find the precise reason *why* appellant was directed to tear down and remove his building to be significant, that is, whether the building was a nonconforming use or because the remaining portion was not usable in reconstruction or because the remaining portion was a nuisance. The important fact is that appellant's building was torn down and removed pursuant to municipal order.

including the exclusionary provision. Respondent argues that the trial court correctly held that appellant was entitled to recover only for partial loss because the parties had agreed to exclude any further loss occasioned by an ordinance which prohibited repairs and no public policy or statute prohibits such an agreement.

■ We note initially that the decree or judgment of the trial court will be sustained by an appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). We hold that the trial court has erroneously declared and applied the law in the present case and accordingly reverse

the judgment. As discussed above, appellant argues he has sustained a total loss, advancing the theory of constructive total loss, and is therefore entitled to recover the full face value, less depreciation, of the insurance policy under Missouri's valued policy statute, § 379.140 RSMo 1969.[3] Because appellant stipulated to the partial destruction by fire of his building, the question presented is whether appellant nevertheless suffered a total loss within the meaning of the policy and the valued policy statute when the building was subsequently demolished pursuant to municipal order.

■ First, we disagree with the trial court's definition of total loss as "actual total physical loss wherein any remaining portion is not subject to use as a basis for reconstruction."[4]

3. The statute provides that "in case of total loss of the property insured, the measure of damage shall be the amount for which the same was insured, less whatever depreciation in value, below the amount for which the property is insured, the property may have sustained between the time of issuing the policy and the time of loss . . . ." § 379.140 RSMo 1969. First enacted in 1879, see § 6009 RSMo 1879, the statute was construed and held constitutional as within the legitimate powers of the state in the regulation of the business of corporations created by its laws or of foreign corporations permitted to do business therein. *Daggs v. Orient Insurance Co.,* 136 Mo. 382, 38 S.W. 85 (1896), aff'd, 172 U.S. 557, 19 S.Ct. 281, 43 L.Ed. 552 (1899). Similar legislation has been adopted in other jurisdictions. *See e. g., Gambrell v. Campbellsport Mut. Ins. Co.,* 47 Wis.2d 483, 177 N.W.2d 313 (1970) (Wis.Stat. § 203.21 (1977)). In *Daggs* the court described the purpose of the valued policy statute was to prevent insurance companies from taking reckless risks in order to obtain large premiums by advising them in advance that they would be held to the value agreed upon when the policy was issued and estopping them from denying the valuation stated in the policy. 38 S.W. at 87. A related purpose was also to put at rest the measure of damages in a suit on a fire policy in case of total loss and arbitrarily to fix the same at the amount for which the property was insured, less depreciation. *See, e. g., Michigan Fire & Marine Ins. Co. v. Magee,* 240 Mo.App. 767, 218 S.W.2d 151 (1949); *see also Gamel v. Continental Ins. Co.,* 463 S.W.2d 590 (Mo.App.1971) (general discussion of history and purposes of the valued policy statute). Another effect of the statute is to place upon insurers the burden and responsibility for evaluation of the insured's interest and of the prop-

erty insured at the date of the insurance contract. *E. g., Lumbermens Mut. Ins. Co. v. Edmister,* 412 F.2d 351 (8th Cir. 1969).

We also note that the valued policy statutes are not limited in their application to insurance against loss by fire of improvements on real property but apply as well to personal property. *Duckworth v. United States Fidelity & Guaranty Co.,* 452 S.W.2d 280, 282–285 & n. 3 (Mo.App.1970), overruling *Green v. Lancashire Ins. Co.,* 69 Mo.App. 429 (1897); *Coleman v. Phoenix Ins. Co.,* 69 Mo.App. 566 (1897); *City of DeSoto v. American Guaranty Fund Mut. Fire Ins. Co.,* 102 Mo.App. 1, 74 S.W. 1 (1903).

4. The original valued policy statute, § 6009 RSMo 1879, used the term "wholly destroyed." This term was construed to require that no part of the building above ground remain intact and substantially uninjured and that no part of it could be utilized as a remaining standing structure in effectively restoring the structure to its entirety. *Ampleman v. Citizens' Ins. Co.,* 35 Mo.App. 308 (1889). This definition is similar to the trial court's definition of "actual total physical loss."

This definition was, however, subsequently modified. "Wholly destroyed" was held to mean totally destroyed as a building, even though there is no absolute extinction of all its parts or some debris remains which may be useful or valuable for some purposes. *Havens v. Germania Fire Ins. Co.,* 123 Mo. 403, 27 S.W. 718, 723 (Banc 1894); *see also Horine v. Royal Ins. Co.,* 199 Mo.App. 107, 201 S.W. 958 (1916); *Prather v. Connecticut Fire Ins. Co.,* 188 Mo. App. 653, 176 S.W. 527 (1915). This modified definition of "wholly destroyed" is very similar to that used for "total loss"—the emphasis is upon the loss of character, integrity and identi-

The rule in Missouri has been long settled that the words "total loss," as used in its statute, mean—

". . . 'that the building has lost its identity and specific character as a building, and become so far disintegrated that it cannot be properly designated as a building, although some part of it may remain standing'. . . ."

*St. Paul Fire & Marine Ins. Co. v. Eldracher,* 33 F.2d 675, 681 (8th Cir. 1929) *citing O'Keefe v. Liverpool & L. & G. Ins. Co.,* 140 Mo. 558, 41 S.W. 922, 923 (1897) (discussion of § 5897 RSMo 1889, the valued policy statute then in effect). *See also Lux v. Milwaukee Mechanics' Ins. Co.,* 221 Mo.App. 999, 295 S.W. 847 (1927); *Lowry v. Fidelity-Phenix Fire Ins. Co.,* 219 Mo.App. 121, 272 S.W. 79 (1925); *Stevens v. Norwich Union Fire Ins. Co.,* 120 Mo.App. 88, 96 S.W. 684 (1906).

■ Similarly, under the doctrine of constructive total loss, there is a total loss by fire if the building is so damaged that no substantial remnant remains that a prudent uninsured person would use on rebuilding. *Fidelity & Guaranty Ins. Corp. v. Mondzelewski,* 49 Del. 306, 115 A.2d 697, 699 (1955); *see also Hart v. North British & Mercantile Ins. Co.,* 182 La. 551, 162 So. 177, 179 (1935), *citing Wallerstein v. Ins. Co.,* 44 N.Y. 204, 4 Am.Rep. 664 (comparison between actual total physical loss or demolition and annihilation, and constructive total loss or a destruction of all value to the owner); *Monteleone v. Royal Ins. Co.,* 47 La.Ann. 1563, 18 So. 472 (1895). An extension of the doctrine of constructive total loss is at issue in the present case. The general rule is that if repair or reconstruction of a building damaged by fire is prohibited by municipal authorities acting under proper authority of law, recovery may be had by the insured as for a total loss; this is a total fire loss by operation of law. *E. g., St. Paul Fire & Marine Ins. Co. v. Eldracher,* 33 F.2d 675, 682 (8th Cir. 1929); *Lux v. Milwaukee Me-*

*chanics' Ins. Co.,* supra (demolition order); 6 J.A. Appleman & J. Appleman, Insurance Law and Practice, §§ 3821–22 (1972, Supp. 1978); 15 G. Couch, Insurance § 54.163–165 (2d ed. R A Anderson 1966); 44 Am.Jur.2d, Insurance, § 1631 (1969); 45 C.J.S. Insurance § 913 (1946); Annot., 90 A.L.R.2d 790, 792–95 (1963). This rule is also followed in other jurisdictions, especially those with valued policy statutes. *See, e. g., Ollie v. Security Mut. Underwriters,* 235 F.2d 932 (4th Cir. 1956) (South Carolina); *City of New York Fire Ins. Co. v. Chapman,* 76 F.2d 76 (7th Cir. 1935) (Wisconsin, valued policy statute); *Rutherford v. Royal Ins. Co.,* 12 F.2d 880 (4th Cir. 1926) (North Carolina); *Fidelity & Guaranty Ins. Corp. v. Mondzelewski,* supra (valued policy statute); *Hart v. North British & Mercantile Ins. Co.,* supra (valued policy statute); *Palatine Ins. Co. v. Nunn,* 99 Miss. 493, 55 So. 44 (1911) (valued policy statute); *Meccage v. Spartan Ins. Co.,* 156 Mont. 135, 477 P.2d 115 (1970) (valued policy statute); *Dinneen v. American Ins. Co.,* 98 Neb. 97, 152 N.W. 307 (1915) (valued policy statute); *Maryland Cas. Co. v. Frank,* 85 Nev. 209, 452 P.2d 919 (1969); *Firemen's Ins. Co. v. Houle,* 96 N.H. 30, 69 A.2d 696 (1949); *Scanlan v. Home Ins. Co.,* 79 S.W.2d 186 (Tex.Civ.App.1935) (valued policy statute).

■ After reviewing these authorities, we conclude that appellant has suffered a total loss in accordance with the general rule. Appellant's building was partially destroyed by fire; he was then prohibited by law from repairing or restoring it and was ordered to demolish the remaining structure pursuant to municipal ordinance. By demolishing his building in compliance with the municipal order, appellant suffered a total loss.

■ In addition, we find the demolition order is in itself sufficient to support a finding of total loss.[5] For example, in *Lux,*

ty of the structure as a building such that it cannot be properly designated as a building, even though some parts may remain standing. (The current wording of the valued policy statute uses the term "total loss.")

5. Respondent did not challenge the validity of the demolition order or the constitutionality of the ordinance providing that buildings damaged by fire more than 60% of their assessed

the court stated that a demolition order may be fairly and reasonably construed to mean that the requirement that a building damaged by fire be torn down is equivalent to a declaration that the insured sustained a total loss. 295 S.W. at 851. We accept the interpretation of the effect of a demolition order as merely a recognition of the loss. See *Maryland Cas. Co. v. Frank,* supra (cases cited therein). ". . . An administrative order of a municipal building inspection department directing the razing of a burned building is a legislatively approved declaration that for public policy reasons the damage to the property constitutes a total loss." *Gambrell v. Campbellsport Mut. Ins. Co.,* 47 Wis.2d 483, 177 N.W.2d 313, 316 (1970); see also *Conestoga Chemical Corp. v. F. H. Simonton, Inc.,* 269 A.2d 237 (Del.1970) (demolition order); *Gimbels Midwest, Inc. v. Northwestern Nat. Ins. Co.,* 72 Wis.2d 84, 240 N.W.2d 140 (1976) (demolition order).

▇▇ Second, we disagree with the trial court's determination that because the policy is a matter of contract, the exclusionary provision limiting the insurer's liability[6] is enforceable. It is true that an insurance policy is a matter of contract; however, "where parties contract upon a subject which is surrounded by statutory limitations and requirements, they are presumed to have entered into such contracts with reference to such statutes, and such provisions become part of the contract." *Lux v. Milwaukee Mechanics' Ins. Co.,* supra. Thus, this exclusionary provision insofar as it attempts to limit the liability of the insurer to less than the face value of

the policy in cases of total loss,[7] is contrary to the valued policy statute and void. § 379.145(3) RSMo 1969; e. g., *Michigan Fire & Marine Ins. Co. v. Magee,* 240 Mo. App. 767, 218 S.W.2d 151 (1949); *McCollum v. Liverpool & London & Globe Ins. Co.,* 67 Mo.App. 66 (1896); see also *Fidelity & Guaranty Ins. Corp. v. Mondzelewski,* 49 Del. 306, 115 A.2d 697, 700 (1955); *Scanlan v. Home Ins. Co.,* 79 S.W.2d 186, 189 (Tex. Civ.App.1935). Moreover, the ordinance at issue in the present case, which, when applicable, requires demolition or prohibits repair of a building partially damaged by fire, is an integral part of any policy insuring property within the city limits and is binding upon the insurer, who is presumed to have knowledge of the ordinance. *See Lux v. Milwaukee Mechanics' Ins. Co.,* 221 Mo. App. 999, 295 S.W. 847, 850 (1927). There can be no question that the regulation of the repair or reconstruction or demolition of buildings is within the police power of municipal government.

▇▇ For example, in *Scanlan v. Home Ins. Co.,* supra, the court held that a provision in a fire insurance policy, whereby the insurer sought to limit liability to the amount of actual fire loss where partial fire loss is rendered total because of a city ordinance prohibiting the reconstruction of buildings damaged by fire, was in contravention of the valued policy statute and void. In *Fidelity & Guaranty Ins. Corp. v. Mondzelewski,* supra, the court held that a policy provision excluding from coverage ". . . 'any increased cost of repair or reconstruction by reason of any ordinance or law regulating construction or repairs'

---

value shall not be restored or repaired except in conformity with applicable district regulations. A similar ordinance was held unconstitutional because too much discretion was given to the administrative official by the ordinance. *Lux v. Milwaukee Mechanics' Ins. Co.,* 322 Mo. 342, 15 S.W.2d 343 (Mo. banc 1929), 16 S.W.2d 595 (Walker, J., dissenting); *see also New Hampshire Fire Ins. Co. v. Murray,* 105 F.2d 212 (7th Cir. 1939); *Fidelity & Guaranty Ins. Co. v. Mondzelewski,* 49 Del. 306, 115 A.2d 697 (1955) (ordinance held constitutional).

**6.** Policy exclusion A–3 specifically excludes loss "occasioned directly or indirectly by en-

forcement of any local or state ordinance or law regulating construction, repair or demolition of building(s) or structure(s)."

**7.** We distinguish cases in which the loss is only partial. In such cases of partial loss, the rule appears to be that exclusionary provisions limiting liability for loss resulting from the application of building laws or regulations are valid, even under valued policy statutes. *E. g., Scanlan v. Home Ins. Co.,* 79 S.W.2d 186, 189 (Tex. Civ.App.1935); *see generally* Annot., 90 A.L. R.2d 790, 792–95 (1963); 44 Am.Jur.2d, Insurance, § 1631 (1969).

. . ." did not limit the extent of the loss to actual fire damage, did not exclude a claim for a total loss arising from compulsory condemnation, and was expressly overridden by the valued policy statute if the loss was total by reason of such demolition. In another case, *Dinneen v. American Ins. Co.*, 98 Neb. 97, 152 N.W. 307, 309 (1915), the court held that any condition in the policy providing for the payment of a less sum than the amount of the insurance as written therein for loss occurring by reason of any ordinance regulating the construction or repair of buildings is invalid under the valued policy statute. In another case, *Hart v. North British & Mercantile Ins. Co.*, 182 La. 551, 162 So. 177, 181 (1935), the court held that the insurer's incorporation into a valued fire policy on immovable property of a provision limiting the liability for loss caused by order of civil authority or for loss occasioned by any ordinance or law regulating the construction or repair of buildings was inconsistent with the valued policy statute and void. Also, consistent with our discussion of the effect of a demolition order, we do not find that appellant's loss was caused by the enforcement of any local ordinance. The demolition order merely recognized that, under the valid ordinances of the municipality, the loss was total. *E. g., Lux v. Milwaukee Mechanics' Ins. Co.*, 221 Mo.App. 999, 295 S.W. 847, 850 (1927); *Maryland Cas. Co. v. Frank,* 85 Nev. 209, 452 P.2d 919 (1969); *Feinbloom v. Camden Fire Ins. Ass'n,* 54 N.J.Super. 541, 149 A.2d 616 (1959); *Gambrell v. Campbellsport Mut. Ins. Co.,* 47 Wis.2d 483, 177 N.W.2d 313, 318 (1970).

Judgment reversed and remanded with directions to the trial court to enter a judgment not inconsistent with this opinion.

CLEMENS, P. J., and SMITH, J., concur.