338 F.Supp. 910 (1972)
Levi HODGE and Wanda Hodge, Plaintiffs,
v.
CIMMARRON INSURANCE COMPANY, Inc., a corporation, Defendant.
No. 70 C 539(4).
United States District Court, E. D. Missouri, E. D.
January 13, 1972.
Dorman L. Steelman, Salem, Mo., and Wm. D. Mykins, St. Louis, Mo., co-counsel, for plaintiffs.
Edward F. O'Herin, Malden, Mo., for defendant.

MEMORANDUM
WANGELIN, District Judge.
This is an action to recover the face amount of a fire insurance policy in the amount of $27,500.00 by the policyholders against the insurer of a house totally destroyed by fire.
*911 Plaintiffs are citizens of Missouri and defendant is a Kansas corporation. This action was properly removed from state court under 28 U.S.C. § 1446; this Court has jurisdiction by virtue of 28 U.S.C. § 1332(a).
The cause was tried before the Court without a jury and the following facts established.
Prior to October 4, 1969, the plaintiffs purchased 2¼ acres of land with an old one-story house on it, which property had previously been optioned to a Mr. Miller and a Mr. Gasser. Miller and Gasser had contracted with the owners of the property to purchase it for $6,500.00, and had actually paid $500.00 of that amount. Miller and Gasser decided they did not want the property and agreed to transfer the contract to plaintiffs. There is conflicting testimony as to whether or not plaintiffs paid $6,000.00 to Gasser and Miller for the contract. Mr. Gasser testified that Levi Hodge did not pay $6,000.00 cash for the contract, and Hodge testified that he made such a payment.
The Court finds Gasser's testimony incredible and unbelievable. Throughout Gasser's testimony, Gasser was unable to remember various other payments, including a payment of $1,000.00, and unable to recall even the year in which payment was made. As a whole his testimony was vague and indefinite and indicated, at the least, a very poor recollection.
On the other hand, both plaintiffs answered clearly, giving no indication of falsification. On first impression, the $6,000.00 payment in cash is unusual. However, the C.P.A. who examined plaintiffs' books testified, for example, that plaintiffs' books and records showed expenditures (verified by invoices) of $28,350.00 for labor and materials, and that plaintiffs did many of their transactions by cash. The Court finds plaintiff's testimony concerning the $6,000.00 cash payment credible.
In addition to the $6,000.00 cash paid to Gasser, Hodge paid $6,500.00 for the property. The Court finds that Hodge paid a total of $12,500.00 for the property.
Thereafter, the plaintiffs attempted to repair and renovate the property by adding an additional bedroom, painting, and remodeling the entire premises for the purpose of rental income or investment. Plaintiffs introduced testimony to the effect that they had spent approximately $12,500.00 for the repair, and they estimated the value of the premises to be between $27,000.00 and $28,000.00.
Plaintiffs entered into an agreement with Neal Prior, an independent agent to insure the property. Plaintiffs paid the premium to Prior and Prior submitted a request for fire insurance on the property to an authorized agent of the defendant. On October 4, 1969, defendant issued to plaintiffs its policy of insurance covering the property at $27,500.00. Plaintiffs submitted photographs of the property to the defendant prior to the issuance of the policy. Defendant did not inspect the premises prior to issuing the policy.
One hundred forty-three days after the policy was issued, the property was entirely destroyed by a fire of unknown causes.
Prior to the fire, the property was habitable with the exception that the water and gas were not hooked up. Defendant contends that the premises were vacant. However, plaintiff testified that he was living in the premises while he had numerous used cars stored there, and that the used cars were not moved from the premises until approximately three days prior to the fire.
On March 10, 1970, defendant cancelled the policy of insurance on the property and demanded proof of loss and requested inspection of plaintiffs' records.
Plaintiffs made demand upon defendant to pay the proceeds of the policy, which defendant refused.
The plaintiffs furnished defendant with a sworn proof of loss which stated that the actual cash value of the property *912 at the time of loss was $27,500.00, and further stated that nothing had been done by or with the consent of the plaintiffs to violate the conditions of the policy or render it void; and that no attempt to deceive the company as to the extent of the loss had been made.
On May 17, 1971, almost fifteen months after the loss occurred, defendant tendered a refund of $152.00 on a total premium of $297.00.
The policy was a standard fire policy which provided that, "this entire policy shall be void if, whether before or after a loss, the insured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance of the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto"; and the policy also provided that, "the amount of loss for which this company may be liable shall be payable sixty days after proof of loss, as herein provided is received by this company and ascertainment of the loss is made either by agreement between the insured and this company expressed in writing or by the filing with this company of an award as herein provided"; and the policy further provided that, "no suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all requirements of this policy shall have been complied with . . ."; and the policy also provided that, ". . . this company shall not be liable for loss occurring . . . (b) while a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of sixty consecutive days; . . ."; and the policy further provided that "the insured shall . . . furnish a complete inventory of the destroyed, damaged and undamaged property, showing in detail quantities, costs, actual cash value and amount of loss claimed; and within sixty days after the loss unless such time is extended in writing by this company, the insured shall render to this company a proof of loss, signed and sworn to by the insured, . . ."; and the policy further provided that, "the insured, . . . shall . . . submit to examinations under oath by any person named by this company, and subscribe the same; and, as often as may be reasonably required, shall produce for examination all books of account, bills, invoices and other vouchers, . . . at such reasonable time and place as may be designated by this company or its representative, . . .".
Defendant contends that plaintiffs procured the policy by fraudulent misrepresentations; that plaintiffs engaged in fraud, concealment and false swearing and failed to comply with the conditions of the policy, thereby rendering the policy void.
The Missouri "valued policy" statute, Section 379.140, provides in part:
"In all suits brought upon policies of insurance against loss or damage by fire hereafter issued or renewed, the defendant shall not be permitted to deny that the property insured thereby was worth at the time of the issuing of the policy the full amount insured therein on said property; and in case of total loss of the property insured, the measure of damage shall be the amount for which the same was insured, less whatever depreciation in value, below the amount for which the property is insured, the property may have sustained between the time of issuing the policy and the time of the loss. . . ."
Under the valued policy statute, defendant is not permitted to defend against a total loss on the basis that the property was not worth the amount of the coverage. Defendant, under the contract and Missouri law, is entitled to inquire into the matter of any material misrepresentations made by the insured in obtaining the policy. Cohen v. Ft. Dearborn Cas. Underwriters, 221 Mo. App. 741, 285 S.W. 1024 (1926); see, Lumbermens Mutual Insurance Company *913 v. Edmister, 412 F.2d 351 (8th Cir. 1969).
As noted above, the Court finds by the credible evidence that Levi Hodge paid $12,500.00 for the property in question. Therefore, defendant's contention that Levi Hodge made false statements regarding what he paid for the property has not been proven and is unsupported by the credible evidence.
Plaintiff presented evidence that he had purchased several thousand dollars worth of building materials for repair and renovation. While the arithmetical computation of the amounts shown to have been expended on renovation and the purchase price does not equal $27,500.00, Levi Hodge testified that he valued the property at between $27,000.00 and $28,000.00.
In Gamel v. Continental Ins. Co., 463 S.W.2d 590 (St.L.App.1971), the court stated that under Section 379.145, where the insured, who had bought a house and ground for $800.00, and sought $10,000.00 insurance and the insurer issued a policy for $10,000.00 without inspecting the premises or questioning the value until after the loss, the request for a $10,000.00 policy was, at most, an expression of opinion as to the value, and could not furnish a basis for a defense of fraud.
While the facts of this case permit inferences of suspicious and unusual circumstances concerning the fire insurance policy and the value of the property in controversy, it is the opinion of the Court that defendant has failed to prove that plaintiffs engaged in fraud, or concealment, or false swearing or misrepresentation concerning the valuation of the insured property. Beyond that, the "actual value" of the property is not in issue.
Defendant also contends that the policy is void because plaintiffs did not comply with the conditions of the policy regarding proof of loss, and production of records.
The evidence shows that following the fire, adjusters for the defendant requested plaintiffs to produce receipts and invoices or documents substantiating the claimed loss, and also to produce their books and records for examination by defendant. Defendant cancelled the policy of insurance on March 10, 1970, and continued to demand proof of loss of inspection of plaintiffs' records. On March 10, 1970, plaintiff provided defendant with a repair estimate of the loss prepared by Clift Construction Company.
In July, 1970, defendant took a court reporter's statement from Levi Hodge. Hodge employed counsel and made formal demand for payment on July 21, 1970, and suit was instituted in September of 1970. After the institution of this suit, defendant raised the point, in defense, that plaintiffs had failed to furnish a formal proof of loss. Subsequently, plaintiffs permitted defendant to inspect their records, invoices, receipts and bills, and furnished the required sworn proof of loss, which defendant accepted.
It is the opinion of the Court that the policy is not void by reason of a failure by plaintiffs to comply with the conditions of the policy. Defendant cancelled the policy on March 10, 1970, a short time after the insured property was destroyed by fire, and did not tender back the premium, or did not do so within a reasonable time. Also on March 10, 1970, plaintiffs furnished an estimate of repair to defendant. Thereafter, defendant took plaintiff's statement three times concerning the loss. Defendant has never claimed that the insured property was not destroyed. Under the Missouri law, the stated value policy governed the amount of the proceeds, if any, paid plaintiffs under the policy for insured property totally destroyed by fire. Under the peculiar facts of this case, the Court concludes that plaintiffs substantially complied with the terms and conditions of the policy, and that defendant cannot avoid liability on the claimed failure of plaintiffs to furnish a formal proof of loss within 60 days of the loss.
*914 Accordingly, the Court concludes that defendant is liable to plaintiffs under the terms of the policy in the amount of $27,500.00.
Plaintiffs seek additional damages claiming that defendant's refusal to pay was vexatious. It is the opinion of this Court that the fire and the circumstances of plaintiffs' unusual business methods, and plaintiffs' unwillingness to cooperate with defendant in supplying the proof of loss and in producing business records are suspicious and justify the defendant's delay. That defendant failed to prove facts sufficient to prevail in this cause, does not mean that defendant was not justified in attempting to do so.
Plaintiffs seek to recover reasonable attorneys' fees. No evidence was produced concerning attorneys' fees, and the claim is denied.